## THORNTON ELLIS ET AL. *vs.* THE STATE.

[INDICTMENT FOR LIVING IN ADULTERY.]

1. § 3602, *Revised Code, not in conflict with civil rights bill.*—§ 3602, Revised Code, does not contravene the act of congress of 9th April, 1866, entitled " an act to protect all persons in the United States in their civil rights, and furnish the means of their vindication."—(U. S. Stat. at Large, 27.)

APPEAL from Circuit Court of Lee.
Tried before Hon. ROBERT DOUGHERTY.

The facts of this case will be sufficiently understood from the opinion of the court.

L. F. McCOY, for appellant.
J. W. A. SANFORD, Attorney-General, *contra.*

A. J. WALKER, C. J.—Thornton Ellis, described as a negro, descended of negro ancestors, and Susan Bishop, described as a white woman, were indicted for living together in adultery or fornication. Two sections of our Code (3599 and 3602) relate to the offense of adultery ; § 3598 is in the following words : "If any man and woman live together in adultery or fornication, each of them must, on the first conviction of the offense, be fined not less than one hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county for not more than six months ; on the second conviction for the offense with the same person, the offender must be fined not less than three hundred dollars, and may be imprisoned in the county jail, or sentenced to hard labor for the county for not more than twelve months ; and on a third or any subsequent conviction with the same person, must be imprisoned in the penitentiary, or sentenced to hard labor for the county for two years."

§ 3602 is in the following words : "If any white person or negro, or the descendant of any negro, to the third generation inclusive, though one ancestor of each generation was a white person, intermarry or live in adultery with each other, each of them must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor for the county for not less than two nor more than seven years."

The accused were indicted under the latter section, the jury found them guilty, and assessed a fine of one hundred dollars against each of them. For the offense alleged against the accused, the prescribed punishment is not a fine to be assessed by the jury, but imprisonment in the penitentiary, or hard labor for a time within a certain limit to be prescribed by the court.—Revised Code, §§ 3782, 3806. Therefore, the punishment was neither fixed by the proper authority nor of the character prescribed by the statute.

The course pursued in the circuit court probably originated from the belief that § 3602 was invalid because it prescribes a punishment for adultery by the conjunction of a negro and white person, different from that which is pre-prescribed for adultery in other cases. The invalidity of the section was, we conclude, attributed to its supposed inconsistency with the act of congress of 9th April, 1866, entitled "an act to protect all persons in the United States in their civil rights, and furnish the means of their vindication."—U. S. Stat. at Large, 27.

We think the court erred in the conclusion that § 3602 contravenes the act of Congress. That act requires that persons of "every race and color." "shall be subject to like punishment, pains and penalties, and to none other." It prohibits a discrimination, on account of color or race, in the imposition of punishment. It does not prohibit the making of race and color a constituent of an offense, provided it does not lead to a discrimination in punishment. § 3602 creates an offense, of which a participation by persons of different race is an element. To constitute the offense, there must be not only criminal intercourse, but it must be by persons of different race. When the constituents of the offense are ascertained, no discrimination in

punishment is made between the guilty white and black parties. The white man who lives in adultery with a black woman is punished in precisely the same manner, and to the same extent, with the black woman. So also the white woman is punishable in precisely the same manner with the black man with whom she may have maintained an adulterous connexion. Adultery between persons of different races is the same crime as to white persons and negroes, and subject to the same punishment. There are many statutes which make the status of a person an element of an offense. Our laws, on the subject of gaming with minors and apprentices, and of selling liquor to them, are some of the many examples of such legislation.—Revised Code, §§ 3624, 3619.

Inasmuch as the section of the Code under which the defendants are indicted does not contravene the provisions of the act of congress above noticed, the constitutionality of that act is not involved in this case, and we could not enter upon the question without going beyond the case. We wish, however, not to be understood, from our inquiry as to the effect and operation of the act, to affirm its validity. Its constitutionality is simply a question not before us, and therefore we do not consider it at all.

For the error as to the punishment imposed in the circuit court, the judgment is reversed and the cause remanded.