# Ford *et. al,* v. The State.

### *Iudictment for living in Adultery.*

*Rev. Code; sec.* 3602 *of, constitutionality of.*—Section 3602 of the Revised Code which inflicts the same punishment upon guilty parties, but punishes with greater severity the offense of living together in adultery, where the parties are of different races than where they are of the same race, is not in conflict with the Constitution and laws of the United States, nor of the State of Alabama. (*Reaffirming on this point, Ellis v. State,* 42 *Ala.* 526.)

APPEAL from Barbour Circuit Court.
Tried before Hon. H. D. CLAYTON.
VOL. LIII.

[Ford *v.* The State.]

The appellants, a white man and a negro woman, were indicted for living together in adultery or fornication.

The indictment was demurred to, on the ground that it charged no offence, and that the section of the Revised Code upon which it was based, violated the Constitution of the State and of the United States.

The demurrer having been overruled, a trial was had on a plea of not guilty. The jury having found the defendants guilty, they moved in arrest of judgment on the ground of the unconstitutionality of the statute on which the indictment was founded ; but the court overruled the motion, and passed sentence on the verdict, and hence this appeal.

JOHN A. FOSTER, for appellants. The legislature had no power to make an act which when committed by persons of the same race is only a misdemeanor, a felony when committed by persons of different races. Such a law is violative of the Constitution of the United States and of the State of Alabama. *Burns* v. *State,* 48 Ala. 195.

JOHN W. A. SANFORD, Attorney General, *contra.* Every State has the right to regulate its domestic affairs, and to adopt a domestic policy most conducive to the interest and welfare of its people. *Slaughter House Cases,* 16 Wall. 36-78.

Sec. 3602 of the Revised Code conflicts with no provision of the State or Federal Constitution, and is repugnant to no act of congress. The case of *Burns* v *State* 48 Ala., should be overruled. *Ellis & Thornton* v. *State,* 42 Ala. 525. *Gibson* v *State,* 36 Ind. 389.

PER CURIAM.—On the question involved in this case, we can add nothing to the thorough discussion it received in *Ellis* v. *State,* 42 Ala. 525. We do not see that there is any conflict between the decision in that case, and the decision in *Burns* v. *State,* 48 Ala. 195. The latter case involved only the validity of the statute prohibiting marriage between whites and blacks. The validity of the statute prohibiting such persons from living in adultery was not involved. Marriage may be a natural and civil right, pertaining to all persons. Living in adultery is offensive to all laws human and divine, and human laws must impose punishments adequate to the enormity of the offence and its insult to public decency.

Affirmed.