[Pace & Cox v. The State.]

# Pace & Cox *v.* The State.

*Indictment against White Person and Negro for Living in Adultery.*

1. *Indictment against white person and negro for living in adultery or fornication; when sufficient.*—An indictment charging that "Tony Pace, a negro, or the descendant of a negro to the third generation inclusive, a man, and Mary Ann Cox, a white woman, did live together in a state of adultery or fornication," sufficiently charges the offense of living in adultery or fornication, as demanded by section 4189 of the Code of 1876.

2. *§ 4189 of the Code of 1876, not violative of Constitution of United States.*—The fact that the punishment affixed to the offense of living in adultery or fornication, when committed by a negro and white person together, is different from that affixed to that offense when committed by two white persons or two negroes, is not a discrimination in favor of, or against either race; and the statute prescribing such punishment (Code of 1876, § 4189), is not violative of the 14th amendment of the constitution of the United States.

3. *When charge requested is presumed to be erroneous.*—Where the bill of exceptions fails to set out all the evidence, a charge requested by the appellant and refused by the court, will be presumed to be abstract, when it is not supported by the evidence which is set out in the bill of exceptions.

4. *Only one christian name known to the law.*—The law knows but one christian name, and the insertion or omission of a defendant's middle name in an indictment is entirely immaterial; and a mistake in the middle name will not support a plea of misnomer.

APPEAL from Clarke Circuit Court.

Tried before Hon. WM. E. CLARKE.

At the Fall Term, 1881, of said court, an indictment was found against the appellants which, after the caption, is in these words: "The grand jury of said county charge, that before the finding of this indictment, Tony Pace, a negro, or the descendant of a negro to the third generation inclusive, a man, and Mary Ann Cox, a white woman, did live together in a state of adultery or fornication, against the peace and dignity of the State of Alabama." Mary Ann Cox filed a plea of misnomer, averring, in substance, that her christian name was Mary *Jane,* and not Mary *Ann,* to which plea the State demurred on the ground, that the plea admitted the defendant's name was Mary, as charged in the indictment, and that the insertion of the middle name, Ann, was immaterial. The court sustained the demurrer; and thereupon the defendant pleaded not guilty, and upon this issue the cause was tried. No evidence is set out in the bill of exceptions. A charge was asked by them in writing

and refused by the court; but the view taken thereof by this court renders it unnecessary to set it out. The defendants were found guilty by the jury, and the court sentenced them to two years confinement in the penitentiary.

JOHN R. TOMPKINS, for appellants.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The indictment here charges, that, "Tony Pace, *a negro*, or the descendant of a negro to the third generation inclusive, a man, and Mary Ann Cox, a *white woman*, did *live together in a state of adultery or fornication.*" The offense charged is that denounced by section 4189 of the Code. The language of this section is, "live in adultery or fornication *with each other.*" We think there is no essential difference in the signification of the phrases used respectively in the indictment and statute, and that they are substantially the same in meaning. In Form number 22 of indictments, for living in adultery or fornication, under § 4184 of the Code, both are indiscriminately authorized, and are regarded as synonymous.

The statute, under which this indictment is found, is not, in our opinion, obnoxious to any constitutional objection. It is not, as insisted by appellants' counsel, violative of the first section of the Fourteenth Amendment of the Federal Constitution, which forbids a State to "make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," or to "deny to any person within its jurisdiction *the equal protection of the laws.*" The fact that a different punishment is affixed to the offense of adultery when committed between a negro and a white person, and when committed between two white persons or two negroes, does not constitute a discrimination against or in favor of either race. The discrimination is not directed against the person of any particular color or race, but against *the offense*, the nature of which is *determined by the opposite color of the cohabiting parties.* The punishment of each offending party, white and black, is precisely the same. There is obviously no difference or discrimination in the punishment. The evil tendency of the crime of living in adultery or fornication is greater when it is committed between persons of the two races, than between persons of the same race. Its result may be the amalgamation of the two races, producing a mongrel population and a degraded civilization, the prevention of which is dictated by a sound public policy affecting the highest interests of society and government. To thus punish the crime denounced by the statute, by imposing the same term of

[John Berney v. The State.]

imprisonment and the identical amount of fine upon each and every person guilty of it, can in no sense result in any inequality in the operation or protection of the law.   This view of the case is fully settled by the past decisions of this court, upon which it is entirely needless to enlarge.—*Green v. The State*, 58 Ala. 190; *Ford v. The State*, 53 Ala. 150; *Ellis v. The State*, 42 Ala. 525; *Hoover v. The State*, 59 Ala. 57.   It is also sustained by the decisions of the highest courts of many of our sister States; *State v. Gibson*, 36 Ind. 389 (S. C. 10 Amer. Rep. 42); *State v. Kennedy*, 76 N. C 251 (S. C. 22 Amer. Rep. 683); *Frasher v. The State*, 3 Tex. Ct. Appeals, 263 (S. C. 30 Amer. Rep. 131); *Kinney's Case*, 30 Gratt. (Va.) 859 (S. C. 32 Amer. Rep. 690.)

The bill of exceptions fails to set out all the evidence, and in the absence of it, we can not assume that the court erred in refusing to give the charge requested by appellant.   The charge will be presumed to be abstract unless it is shown to be supported by the evidence as appearing in the bill of exceptions. 1 Brick. Dig. p. 338, § 40.

The demurrer to the plea in abatement of the defendant Cox was properly sustained.   The law knows but one christian name, and it has been held by this court that the omission or insertion of a middle name is entirely immaterial and may be disregarded.   If a middle name is averred, it need not be proved.—*Edmundson v. The State*, 17 Ala. 179.

The judgment of the Circuit Court must be affirmed.