## PACE v. ALABAMA.

Section 4189 of the Code of Alabama, prohibiting a white person and a negro
from living with each other in adultery or fornication, is not in conflict with
the Constitution of the United States, although it prescribes penalties more
severe than those to which the parties would be subject, were they of the
same race and color.

ERROR to the Supreme Court of the State of Alabama.

Section 4184 of the Code of Alabama provides that " if any
man and woman live together in ʼadultery or fornication, each
of them must, on the first conviction of the offence, be fined
not less than one hundred dollars, and may also be imprisoned
in the county jail or sentenced to hard labor for the county for
not more than six months.   On the second conviction for the
offence, with the same person, the offender must be fined not
less than three hundred dollars, and may be imprisoned in the
county jail, or sentenced to hard labor for the county for not
more than twelve months; and for a third or any subsequent
conviction with the same person, must be imprisoned in the
penitentiary, or sentenced to hard labor for the county for two
years."

Section 4189 of the same code declares that " if any white
person and any negro, or the descendant of any negro to the
third generation, inclusive, though one ancestor of each genera-
tion was a white person, intermarry or live in adultery or for-
nication with each other, each of them must, on conviction, be
imprisoned in the penitentiary or sentenced to hard labor for
the county for not less than two nor more than seven years."

In November, 1881, Tony Pace, a negro man, and Mary J. Cox, a white woman, were indicted, under sect. 4189, in a Circuit Court of Alabama, for living together in a state of adultery or fornication, and were tried, convicted, and sentenced, each to two years' imprisonment in the State penitentiary. On appeal to the Supreme Court of the State the judgment was affirmed, and he brought the case here on writ of error, insisting that the act under which he was indicted and convicted is in conflict with the concluding clause of the first section of the Fourteenth Amendment of the Constitution, which declares that no State shall " deny to any person the equal protection of the laws."

*Mr. John R. Tompkins* for the plaintiff in error.

*Mr. Henry C. Tompkins,* Attorney-General of Alabama, *contra.*

MR. JUSTICE FIELD delivered the opinion of the court, and after stating the case as above, proceeded as follows : —

The counsel of the plaintiff in error compares sects. 4184 and 4189 of the Code of Alabama, and assuming that the latter relates to the same offence as the former, and prescribes a greater punishment for it, because one of the parties is a negro, or of negro descent, claims that a discrimination is made against the colored person in the punishment designated, which conflicts with the clause of the Fourteenth Amendment prohibiting a State from denying to any person within its jurisdiction the equal protection of the laws.

The counsel is undoubtedly correct in his view of the purpose of the clause of the amendment in question, that it was to prevent hostile and discriminating State legislation against any person or class of persons. Equality of protection under the laws implies not only accessibility by each one, whatever his race, on the same terms with others to the courts of the country for the security of his person and property, but that in the administration of criminal justice he shall not be subjected, for the same offence, to any greater or different punishment. Such was the view of Congress in the enactment of the Civil Rights Act of May 31, 1870, c. 114, after the adoption of the amendment. That act, after providing that all persons within

the jurisdiction of the United States shall have the same right, in every State and Territory, to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens, declares, in sect. 16, that they "shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and none other, any law, statute, ordinance, regulation, or custom to the contrary notwithstanding."

The defect in the argument of counsel consists in his assumption that any discrimination is made by the laws of Alabama in the punishment provided for the offence for which the plaintiff in error was indicted when committed by a person of the African race and when committed by a white person. The two sections of the code cited are entirely consistent. The one prescribes, generally, a punishment for an offence committed between persons of different sexes; the other prescribes a punishment for an offence which can only be committed where the two sexes are of different races. There is in neither section any discrimination against either race. Sect. 4184 equally includes the offence when the persons of the two sexes are both white and when they are both black. Sect. 4189 applies the same punishment to both offenders, the white and the black. Indeed, the offence against which this latter section is aimed cannot be committed without involving the persons of both races in the same punishment. Whatever discrimination is made in the punishment prescribed in the two sections is directed against the offence designated and not against the person of any particular color or race. The punishment of each offending person, whether white or black, is the same.

*Judgment affirmed.*