### PEOPLE v. JAMES BUTLER, Inc.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

MASTER AND SERVANT (§ 18*)—RELATIONSHIP—STATUTORY REGULATION—"SECOND OFFENSE."

The provisions of Labor Law (Consol. Laws 1909, c. 31) §§ 160–173, relating to mercantile establishments, requires several things to be done in the performance of duties under that subdivision, and Penal Law (Consol. Laws 1909, c. 40) § 1275, as amended by Laws 1911, c. 749, increasing the amount of punishment on conviction of a second offense, does not require a conviction of the same offense, but the punishment is based on the violation of any of the provisions of such act.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 18.*

For other definitions, see Words and Phrases, vol. 8, p. 7796.]

Appeal from Court of Special Sessions of City of New York.

James Butler, Incorporated, was convicted of a misdemeanor, and it appeals. Affirmed.

See, also, 148 App. Div. 928, 133 N. Y. Supp. 1137.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Philip M. Goodhart (John H. Rogan, of New York City, on the brief), for appellant.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, and Harry G. Anderson, Asst. Dist. Atty., of New York City, on the brief), for the People.

WOODWARD, J. The information on which the prosecution was based, after setting forth two previous convictions of the defendant,

a domestic corporation, for violations of the Labor Law, charges in substance that on the 22d of July, 1911, in the borough of Brooklyn, the defendant did willfully and knowingly employ, permit, and suffer a certain minor child, under the age of 14 years, to wit, one Joseph Kennedy, to work in and in connection with the defendant's mercantile establishment as a delivery boy.

There is no dispute in the evidence. The defendant was shown to have employed the boy, Joseph Kennedy, under 14 years of age, on successive Fridays and Saturdays as a delivery boy, paying him 75 cents for the Fridays and $1 for the Saturdays, such employment being within the city of New York, borough of Brooklyn; and this is unquestionably contrary to the provisions of section 162 of the Labor Law. It is urged, however, that the crime of a third offense was not established. This contention seems to be based upon the theory that, while the information charged that the defendant had been convicted of the "crime and misdemeanor of unlawfully employing a child under the age of 14 years, as a second offense," the evidence merely went to the extent of showing that the defendant had been convicted of two prior offenses. We are of opinion that the statute does not require such proof; that it is sufficient to show that the defendant has been twice previously convicted of some violation of—

"the provisions of article 11 of the Labor Law, relating to mercantile establishments, and the employment of women and children therein."

There are several things which are required in the performance of duties and obligations under this subdivision, and a violation of any of these, or a failure to comply with the conditions prescribed, is declared to be a misdemeanor, and upon conviction the defendant is to be—.

"punished for a first offense by a fine of not less than twenty nor more than fifty dollars; for a second offense by a fine of not less than fifty nor more than two hundred and fifty dollars, or by imprisonment for not more than thirty days or both such fine and imprisonment; for a third offense by a fine of not less than two hundred and fifty dollars, or by imprisonment for not more than sixty days, or by both such fine and imprisonment." Section 1275, Penal Law, as amended by chapter 749, Laws of 1911.

The things required and the things forbidden are set forth in sections 161, 162, of the Labor Law, and the violation of any one of these, or the failure to comply therewith, is made a misdemeanor, and the punishment of such misdemeanor depends upon whether the defendant has been previously convicted of offenses under the provisions of the Labor Law above cited. It does not require that he shall have been convicted of the same offense, but upon the violation or failure to comply with any of the provisions he is guilty of a misdemeanor, and the punishment is meted out on the basis of the number of violations of the act of which the defendant has been convicted. It does not pretend to change the grade of the crime. It is declared to be a misdemeanor; but the punishment is made to depend upon whether the defendant has merely transgressed in a single instance, or in more.

The judgment appealed from should be affirmed. All concur.