(111 So. 621)

No. 28344.

### STATE v. PEACE.

(Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬤⇒1211—**Conviction of either manufacturing, selling, or possessing liquor, warrants imposition of fine for second offenders, in subsequent prosecution of either offense named (Act No. 39 of 1921, § 3).**

   Though manufacture, sale, and possession for sale of intoxicating liquor for beverage purposes are distinct offenses, under Hood Act (Act No. 39 of 1921), conviction of either will warrant court, in subsequent prosecution for either offense named, if information properly alleges previous conviction, to impose fine and penalty authorized by section 3 for second offender.

2. **Criminal law** ⬤⇒1211—**Accused, prosecuted for selling liquor, previously convicted for manufacturing liquor, may be punished as second offender (Act No. 39 of 1921, § 3).**

   Under Act No. 39 of 1921, § 3, accused, charged with selling liquor, who was alleged to have been previously convicted for manufacturing liquor, may be punished as second offender.

3. **Criminal law** ⬤⇒163—**Accused is not placed twice in jeopardy for same offense by infliction of heavier penalty as second offender (Act No. 39 of 1921, § 3).**

   Infliction of heavier penalty, under Act No. 39 of 1921, § 3, on accused, charged with selling liquor as second offender, does not place accused twice in jeopardy for same offense.

   O'Niell, C. J., dissenting.

Appeal from First Judicial District Court. Parish of Bossier; E. P. Mills, Judge.

C. Lee Peace was convicted of selling intoxicating liquor, and he appeals. Affirmed.

Murff & Perkins, of Shreveport, for appellant.

Percy Saint, Atty. Gen., and L. C. Blanchard, Dist. Atty., and A. M. Pyburn, Asst. Dist. Atty., both of Shreveport, for the State.

BRUNOT, J. The accused was charged with selling intoxicating liquor for beverage purposes, one of the offenses denounced by the Hood Act (Act No. 39 of 1921). It is alleged in the information that the accused had been previously convicted of the offense of manufacturing intoxicating liquor for beverage purposes, and he was therefore amenable to the increased fine and penalty authorized by the act for second offenders of its provisions. The trial resulted in the conviction of the accused and he was sentenced to pay a fine of $500 and to serve a sentence of six months in the parish jail, and, upon the nonpayment of the fine, to serve an additional term of four months in the parish jail. From the verdict and sentence he appealed.

[1, 2] Preceding the trial, the accused moved to strike out of the information the paragraph alleging him to be a second offender of the provisions of the statute. The motion is based upon the assumption that manufacturing intoxicating liquor for beverage purposes is a separate and distinct offense from selling intoxicating liquor for beverage purposes. This court has recently held that although the manufacture, the sale, and the

having in possession for sale, of intoxicating liquor, for beverage purposes, are distinct offenses, nevertheless, they are so grouped in the statute that a conviction of either will warrant the court, in a subsequent prosecution for either of the three offenses named, if the information properly alleges the previous conviction, to impose the fine and penalty authorized by the statute for second offenders of its provisions.

We think the ruling referred to is correct and should be adhered to. Therefore the motion to strike out was properly overruled.

Section 3 of Act 39 of 1921 is as follows:

"That any person who shall violate the provisions of this act by manufacturing, or having in possession, for sale, or, by selling intoxicating liquors [for beverage purposes] shall be guilty of a misdemeanor, and upon conviction for the first offense shall be fined not more than five hundred ($500.00) dollars and be imprisoned not less than ten days nor more than sixty days, and for the second or subsequent offense, shall be fined not less than one hundred ($100.00) dollars, nor more than one thousand ($1,000.00) dollars, and be imprisoned not less than thirty days nor more than twelve months."

Similar statutes have been interpreted by the courts of our sister states, and one of the leading cases on the question here raised is State v. Sawyer, 67 Vt. 239, 31 A. 285. In that case the Supreme Court of Vermont said:

" 'If a person by himself, clerk, servant or agent, sells, furnishes or gives away, or owns, keeps or possesses with intent to sell, furnish or give away, intoxicating liquor or cider, in violation of law, he shall forfeit for each offense to the state, upon the first conviction, not less than five nor more than one hundred dollars and may also be imprisoned in the discretion of the court, not more than thirty days; upon the second and each subsequent conviction, not less than ten nor more than two hundred dollars and shall be imprisoned not less than one month nor more than one year.' This stat-

ute does not impose the increased penalties for a second or subsequent conviction for the same offense, but for a second or subsequent conviction for selling, furnishing, or giving away, or owning, keeping, or possessing with intent to sell, furnish, or give away, in violation of law intoxicating liquor or cider in violation of the act. These are different forms of committing the same legal offense, violating the act;"

and it was held that, on a conviction for possessing liquor with intent to sell it, a prior conviction of selling will warrant the infliction of the increased penalty.

We also cite People v. James Butler, Inc., 154 App. Div. 311, 138 N. Y. S. 1068; McConnell v. People, 73 Colo. 99, 213 P. 674; Kelly v. People, 115 Ill. 583, 4 N. E. 644, 56 Am. Rep. 184; State v. Maltais, 75 N. H. 248, 72 A. 1023; State v. Briggs, 94 Kan. 92, 145 P. 866.

[3] The question raised by counsel as to whether the infliction of a heavier penalty as a second offender is a placing of the accused twice in jeopardy for the same offense is answered by the following authorities: Moore v. Mo., 159 U. S. 673, 16 S. Ct. 179, 40 L. Ed. 301; Leeper v. Texas, 139 U. S. 462, 11 S. Ct. 577, 35 L. Ed. 225; Pace v. Alabama, 106 U. S. 583, 1 S. Ct. 637, 27 L. Ed. 207; McIntyre v. Commonwealth, 154 Ky. 149, 156 S. W. 1058; State v. Findling, 123 Minn. 413, 144 N. W. 142, 46 L. R. A. (N. S.) 449; State v. Collins, 266 Mo. 93, 180 S. W. 866; Kinney v. State, 45 Tex. Cr. R. 500, 78 S. W. 225, 79 S. W. 570; State v. Le Pitre, 54 Wash. 166, 103 P. 27, 18 Ann. Cas. 922; McDonald v. Massachusetts, 180 U. S. 313, 21 S. Ct. 389, 45 L. Ed. 542; State v. Graham, 68 W. Va. 252, 69 S. E. 1010, 40 L. R. A. (N. S.) 924.

The verdict and sentence appealed from are correct and they are hereby affirmed.

O'NIELL, C. J., dissents.