72 So.2d 114

**JACKSON v. STATE.**

8 Div. 382.

Court of Appeals of Alabama.

Feb. 16, 1954.

Rehearing Denied March 9, 1954.

Bradshaw, Barnett & Haltom, E. B. Haltom, Jr., Florence, for appellant.

520

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, Linnie Jackson, was indicted and convicted for the offense of miscegenation as denounced by Title 14, Sec. 360, Code 1940.

The appeal is before us on the record proper without a transcription of the testimony.

The accused demurred to the indictment solely on federal constitutional grounds, taking the position that the statute is in violation of the Fifth and Fourteenth Amendments to the Constitution. This presents the only question for our review.

Section 102, Art. 4 of the Constitution of Alabama of 1901 provides:

"The legislature shall never pass any law to authorize or legalize any marriage between any white person and a negro, or descendant of a negro."

The statute of instant concern appeared first in our Penal Code of 1866, Sec. 61. It was in the following form:

"If any white person and any negro, or the descendant of any negro, to the third generation inclusive, though one ancestor of each generation was a white person, intermarry, or live in adultery or fornication with each other, each of them must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor for the county, for not less than two, nor more than seven years."

Without substantial or material change it is found in Codes 1867, Sec. 3602; 1876, Sec. 4189; 1886, Sec. 4018; 1896, Sec. 5096; 1907, Sec. 7421; and 1923, Sec. 5001.

In the current code the verbiage is:

"If any white person and any negro, or the descendant of any negro intermarry, or live in adultery or fornication with each other, each of them shall, on conviction, be imprisoned in the penitentiary for not less than two nor more than seven years."

In the case of Ellis v. State, 42 Ala. 525, our Supreme Court held that the statute, then Sec. 3602, Code 1867, did not contravene the Act of Congress of April 9, 1866, 14 Stat. 27.

A few years later, in the case of Burns v. State, 48 Ala. 195, the court overruled the holding in the Ellis case.

In Green v. State, 58 Ala. 190, the Supreme Court specifically overruled the Burns case. The court reaffirmed this position in Hoover v. State, 59 Ala. 57, and Pace & Cox v. State, 69 Ala. 231. The latter case went to the United States Supreme Court and was affirmed. 106 U.S. 583, 1 S.Ct. 637, 27 L.Ed. 207.

This court followed this view in Wilson v. State, 20 Ala.App. 137, 101 So. 417. On certiorari, the Supreme Court, without an opinion, denied the writ. 211 Ala. 613, 101 So. 423.

 By the mandates of Title 13, Sec. 95, Code 1940, the decisions of the Supreme Court shall govern the holdings and decisions of this court.

The judgment below is ordered affirmed.

Affirmed.

## On Application for Rehearing.

CARR, Presiding Judge.

In brief on application for rehearing appellant's attorney urges that, in the event the application is overruled, we extend our original opinion by setting out the separate federal constitutional grounds of attack made on the statute involved in this appeal. We will do this by copying the demurrer to the indictment:

"Comes now the Defendant Linnie Jackson, alias Lennie Jackson, and demurs to the indictment and to each count thereof separately and severally, and as grounds of demurrer assigns the following:

"(1) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, constitutes a discrimination by the State of Alabama in punishment so arbitrary as to deny to this Negro Defendant the due process of law guaranteed to her by the Fifth Amendment of the Constitution of the United States of America.

"(2) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, is violative of the constitutional restraint against discriminatory legislation imposed by the due process of law clause of the Fifth Amendment of the Constitution of the United States of America.

"(3) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, constitutes an arbitrary and unreasonable discrimination by the State of Alabama against this Negro Defendant, and members of her race similarly situated, violative of the 14th Amendment of the Constitution of the United States of America.

"(4) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, is violative of the 14th Amendment of the Constitution of the United States of America in that it abridges the privileges and immunities guaranteed to this Negro Defendant by said 14th Amendment.

"(5) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, is violative of the Constitution of the United States of America in that it arbitrarily denies to this Negro Defendant her constitutional right and privilege of intermarrying with a white male person.

"(6) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, arbitrarily and unreasonably prohibits this Negro American Defendant from intermarrying with a male American of the white race, and is therefore in violation of the first section of the 14th Amendment of the Constitution of the United States of America.

"(7) For said indictment charges this Negro Defendant with more than one offense in the alternative, and one of the offenses so charged, to-wit: 'that A. C. Burcham, whose name is to the Grand Jury otherwise unknown, than as stated, a white person, and Linnie Jackson, alias Lennie Jackson, whose name is to the Grand Jury otherwise unknown, than as stated, a Negro or descendant of a Negro, did intermarry' charges this Negro De-

fendant with the legislative crime of intermarrying with a white person, based upon an alleged violation of a portion of Title 14, Section 360, Code of Alabama, 1940, and the aforesaid alternative alleged offense so charged in said indictment, and that portion of said Title 14, Section 360, Code of Alabama, 1940, upon which the aforesaid alternative alleged offense is based, constitutes an arbitrary and unreasonable discrimination by the State of Alabama against this Negro Defendant, and a denial to her by the State of Alabama of due process of law, and further constitutes an abridgement of the privileges and immunities of this Negro Defendant by the State of Alabama, all guaranteed to her by the Fifth and Fourteenth Amendments of the Constitution of the United States of America."

Application for rehearing overruled.