73 So.2d 389

## ROGERS v. STATE.

### 8 Div. 425.

Court of Appeals of Alabama.

June 15, 1954.

Rehearing Denied June 29, 1954.

Bradshaw, Barnett & Haltom and E. B. Haltom, Jr., Florence, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, Gold Lillie Rogers, was indicted and convicted for the offense of miscegenation as denounced by Title 14, Sec. 360, Code 1940:

"If any white person and any negro, or the descendant of any negro intermarry, or live in adultery or fornication with each other, each of them shall, on conviction, be imprisoned in the penitentiary for not less than two nor more than seven years."

The appeal is before us on the record proper without a transcription of the testimony.

The accused demurred to the indictment solely on federal constitutional grounds, taking the position that the statute is in violation of the Fifth and Fourteenth Amendments to the Constitution. This presents the only question for our review.

The grounds of the demurrer are as follows:

"(1) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, constitutes a discrimination by the State of Alabama in punishment so arbitrary as to deny to this Negro defendant the due process of law guaranteed to her by the Fifth Amendment of the Constitution of the United States of America.

"(2) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, is violative of the constitutional restraint against discriminatory legislation imposed by the due process of law clause of the Fifth Amendment of the Constitution of the United States of America.

"(3) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, constitutes an arbitrary and unreasonable discrimination by the State of Alabama against this Negro defendant, and members of her race similarly situated, violative of the 14th Amendment of the Constitution of the United States of America.

"(4) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, is violative of the 14th Amendment of the Constitution of the United States of America in that it abridges the privileges and immunities guaranteed to this Negro defendant by said 14th Amendment.

"(5) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, is violative of the Constitution of the United States of America in that it arbitrarily denies to this Negro defendant her constitutional right and privilege of intermarrying with a white male person.

"(6) For that Title 14, Section 360, Code of Alabama, 1940, the statute upon which said indictment is based, arbitrarily and unreasonably prohibits this Negro American defendant from intermarrying with a male American of the white race, and is therefore in violation of the first section of the 14th Amendment of the Constitution of the United States of America.

"(7) For said indictment charges this Negro defendant with more than one offense in the alternative, and one of the offenses so charged, to-wit: 'That R. L. McCurry, whose name is to the Grand Jury otherwise unknown, than as stated, a white person, and Gold Lillie Rogers, alias Gold Lily Rogers, alias Lily Rogers, whose name is to the Grand Jury otherwise unknown, than as stated, a negro or descendant of a negro did intermarry' charges this Negro defendant with the legislative crime of intermarrying with a white person based upon a alleged violation of a portion of Title 14, Section 360, Code of Alabama, 1940, and the aforesaid alternative alleged offense so charged in said indictment, and that portion of said Title 14, Section 360, Code of Alabama, 1940, upon which the aforesaid alternative alleged offense is based, constitutes an arbitrary and unreasonable discrimination by the State of Alabama against this Negro defendant and a denial to her by the State of Alabama of due process of law, and further constitutes an abridgment of the privileges and immunities of this Negro defendant by the State of Alabama, all

guaranteed to her by the Fifth and Fourteenth Amendments of the Constitution of the United States of America."

This identical question was before this court for review in the case of Jackson v. State, ante, p. 519, 72 So.2d 114.

We held that the statute of instant concern is constitutional. We adhere to this view.

The judgment below is ordered affirmed.

Affirmed.