153 So.2d 1 (1963)
Dewey McLAUGHLIN and Connie Hoffman also known as Connie Gonzalez, Appellants,
v.
STATE of Florida, Appellees.
No. 31906.
Supreme Court of Florida.
May 1, 1963.
Rehearing Denied May 30, 1963.
Robert Ramer, H.L. Braynon and G.E. Graves, Jr., Miami, for appellants.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellees.
CALDWELL, Justice.
This cause is here on appeal from the Criminal Court of Record of Dade County. The trial court directly passed upon the validity of a State statute and we, therefore, have jurisdiction.
Defendants are charged with having violated Fla. Stat. § 798.05, F.S.A.[1] in that *2 "the said Dewey McLaughlin, being a negro man, and the said Connie Hoffman, being a white woman, who were not married to each other did habitually live in and occupy in the nighttime the same room." The defendants moved to quash the information on the ground that the aforesaid statute was in violation of the Federal and State Constitutions. The motions were denied. Defendants were then arraigned and entered pleas of not guilty. The jury trial terminated in a verdict of guilty, a sentence of thirty days in the county jail and a fine of $150 for each defendant.
The defendants contend they were denied equal protection of the laws because "Firstly, the law provides a special criminal prohibition on cohabitation solely for persons who are of different races; or, secondly, if this special statute is equated with the general fornication statute, the higher penalties are imposed on the person whose races differ than would be applicable to persons of the same race who commit the same acts."
In Pace v. Alabama,[2] the Supreme Court of the United States upheld an Alabama Statute[3] prohibiting interracial marriage, adultery or fornication, against the contention that it denied equal protection of the law. Another Alabama Statute[4] prohibited adultery or fornication between members of the same race but provided a less severe maximum penalty. The Supreme Court speaking through Mr. Justice Field held:
"Equality of protection under the laws implies not only accessibility by each one, whatever his race, on the same terms with others to the courts of the country for the security of his person and property, but that in the administration of criminal justice he shall not be subjected, for the same offense, to any greater or different punishment. * * *
"The defect in the argument of counsel, consists in his assumption that any discrimination is made by the laws of Alabama in the punishment (sic) provided for the offense for which the plaintiff in error was indicted, when committed by a person of the African race and when committed by a white person. The two sections of the Code cited are entirely consistent. The one prescribes, generally, a punishment for an offense committed between persons of different sexes; the other prescribes punishment for an offense which can only be committed where the two sexes are of different races. There is in neither section any discrimination against either race. Section 4184 equally includes the offense when the persons of the two sexes are both white and when they are both black. Section 4189 applies the same punishment to both offenders, the white and the black. Indeed, the offense against which this latter section is aimed cannot be committed without involving the persons of both races in the same punishment. Whatever discrimination is made in the punishment prescribed in the two sections is directed against the offense designated and not against the person of any particular color or race. The punishment of each offending person, whether white or black, is the same."
The appellants seek adjudication of their right to engage in integrated illicit cohabitation upon the same terms as are imposed upon the segregated lapse. But, as was admitted by counsel in argument, this appeal is a mere way station on the route to the United States Supreme Court where defendants hope that, in the light of supposed social and political advances, they *3 may find legal endorsement of their ambitions.
This Court is obligated by the sound rule of stare decisis and the precedent of the well written decision in Pace, supra. The Federal Constitution, as it was when construed by the United States Supreme Court in that case, is quite adequate but if the new-found concept of "social justice" has out-dated "the law of the land" as therein announced and, by way of consequence, some new law is necessary, it must be enacted by legislative process or some other court must write it.
Affirmed.
ROBERTS, C.J., and TERRELL, THOMAS, THORNAL and O'CONNELL, JJ., concurring.
DREW, J., agrees to judgment.
NOTES
[1] Fla. Stat. § 798.05, F.S.A.

"Any negro man and white woman, or any white man and negro woman, who are not married to each other, who shall habitually live in and occupy in the nighttime the same room shall each be punished by imprisonment not exceeding twelve months, or by fine not exceeding five hundred dollars."
[2] 106 U.S. 583, 1 S.Ct. 637, 27 L.Ed. 207 (1883).
[3] Ala. Code of 1876, § 4189 (now Ala. Code, Title 14, § 360 [1958]).
[4] Ala. Code of 1876, § 4184 (now Ala. Code, Title 14, § 16 [1958]).