CALDWELL, Justice.
We have this cause on remand by the Supreme Court of the United States, 85 S.Ct. 283.
Defendants below, Dewey McLaughlin, a Negro man, and Connie Hoffman, a white woman, were charged with having violated § 798.05, Florida Statutes, F.S.A.[1]
The trial court denied Defendants’ motion to quash the information as violative of the Federal and State Constitutions. The defendants were put on trial, found guilty by a jury and sentenced to thirty (30) days in the county jail and a fine of $150.00.
*461 Upon appeal to this Court defendants contended that they were denied equal protection of the law because: “Firstly, the law provides a special criminal prohibition on cohabitation solely for persons who are of different races; or secondly, if this special statute is equated with the general fornication statute, the higher penalties are imposed on the person whose races differ than would be applicable to persons of the same race who commit the same acts'.”
The state contended, and we agreed, the Supreme Court of the United States, by its unanimous opinion in Pace v. Alabama,[2] had settled the constitutional question involved by upholding a similar statute. There the Court held the statute prohibiting interracial cohabitation was directed against the offense and not against a person of particular race or color and sustained conviction.
Our judicial duty required that we follow the clear and unequivocal construction of the Federal Constitution announced in Pace, the assumption being that the Constitution, not having been amended in the manner therein prescribed, meant, in this cause, just what the Supreme Court of the United States had held it to mean in the Pace case. We upheld the. statute and sustained the conviction.
Upon appeal, the Supreme Court of the United States was “especially sensitive” to the policies of the equal protection clause and concluded, notwithstanding its previous holding to the contrary, that the racial classification contained in Fla.Stat. § 798.05, F.S.A. is reduced to an invidious discrimination.
In the light of this new and contrary construction of the Constitution we are required, perforce, to recede from our affirmance of the conviction appealed from and remand the cause for disposition in accordance with the new Law of the Land.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS, THORNAL and O’CONNELL, JJ., concur.
ERVIN, J., did not participate.

. Fla.Stat.Ann. § 798.05: “Any negro man and white woman, or any white man and negro woman, who are not married to each other, who shall habitually live in and occupy in the nighttime the same room shall each be punished by imprisonment not exceeding twelve months, or by fine not exceeding five hundred dollars.”

. 106 U.S. 583, 1 S.Ct 637, 27 L.Ed. 207 (1883).