468 P.2d 369

**Joseph Vaughn MAYNE, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 11922.**

Supreme Court of Utah.

April 21, 1970.

James G. Pattillo, of Fabian & Clendenin, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, William C. Loos, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

HENRIOD, Justice.

Appeal from a denial of a petition for writ of habeas corpus. Affirmed.

In August, 1960, M was convicted of issuing a fictitious check, a felony,—after having pleading guilty to the charge. He was 17 at the time, and was represented by competent counsel. The court granted him probation. During the probation, he was again convicted of two more felonies, —robbery and grand larceny. He was 18 at that time, and was not represented by counsel. His probation was revoked without a hearing, which is of little moment here since M was in jail on the robbery and larceny charges. Whether M should have been convicted in the first instance on any of the charges, *is* of moment, insofar as the points on appeal anent respective jurisdictions of the district and juvenile courts are concerned. It is of some cogency to point out that all of the charges were *initiated* in the district, *not* the juvenile court.

M urges that the trial court erred in refusing 1) to hold Title 55–10–5, Utah Code Annotated 1953,[1] unconstitutional in the check case, as being offensive to the due process and equal protection provisions of the XIV Amendment to the U. S. Constitution, and 2) in *failing to consider the* welfare of M, a minor, in binding him over for trial in the *district* court instead of referring the matter to the juvenile court, and 3) in finding that M effectively (a) waived his right to counsel and (b) in pleading guilty to the robbery and larceny charges.

The pertinent parts of the juvenile courts act referred to by counsel for M are abstracted below.[2]

1. (In effect at the time of the convictions.)
2. *"55–10–5. Jurisdiction of juvenile courts.* —The Juvenile court shall have *exclusive* original jurisdiction in all cases relating to the *neglect, dependency* and *delinquency* of children * * *, *except in felony cases* as hereinafter provided * * *."

 * * * * *

 *55–10–5(2).* "In any case where a juvenile fourteen years of age or older is charged with an offense which, if committed by an adult, would be a *felony,* the juvenile court shall have *concurrent jurisdiction with the district court.* In such cases the juvenile court shall either hear and make a determination of the case as provided for herein, *or* shall bind the child over to the district court * * * if in the judgment of the juvenile court such prosecution is required by the interests of the state."

 * * * * *

 *55–10–5(5).* "Any district court before whom a juvenile is charged with the commission of a *felony* shall first sit as a committing magistrate, and when it appears that a felony has been committed * * * such court shall bind the juvenile defendant over * * * provided,

Counsel for M urges that the options shown in the provisions of the act referred to in footnote 1, lead to a violation of the XIV Amendment's due process and equal protection rights because of the differences in quantum and quality of detention or punishment in the district and/or juvenile courts.

 A casual reading of the options indicates a design to give a break to a deserving child that he did not have at common law or before juvenile court legislation appeared. The thrust of M's argument would logically eliminate district court jurisdiction in *all* felony cases where minors are involved, since it is predicated on real or imaginary disposition of minors' problems on a basis less drastic in the juvenile court than in the district courts. The argument is unacceptable constitutionally, practically, from an interpretive construction of statutes standpoint, or the application of "best interest" or common sense principles. The statutes clearly seem to point to such a conclusion. Counsel for M cited Pace v. Alabama, 106 U.S. 583,

1 S.Ct. 637, 27 L.Ed. 207 (1883), which appears to be inapropos here.

 It is further contended that the *record* did not show that the trial court properly considered the welfare of the child in retaining district court jurisdiction, —ergo, that he didn't, since it is based on a presumption of mala fides or indifference to the welfare of children. If there be a presumptive ergo here, it is one in favor of the trial court, charged with a high duty and prerogative, if you please, to protect, not destroy children's rights. Ergo, M hardly is in a position hypertechnically to advantage himself, a three time loser, by the absence of something more than is in the record here, or the inability to find the notes of the court reporter, long since deceased, or by the death of the trial judge, the Hon. Ray Van Cott, Jr., known to most of us as a jurist with no Faginian propensities.

 Where the court has a statutory alternative based on discretion, we take it that there is a presumption that the judge's conclusion is clothed with propriety

---

* * * that if in the judgment of said district court such prosecution would be harmful to the best interest of the juvenile, he may" transfer it to * * * "the juvenile court * * *."

* * * * *

"55–10–26. Proceedings to be informal, equitable rather than criminal." (Having to do with cases of deliquency, neglect, dependency, etc.)

* * * * *

"55–10–29. *Felony cases.*" (Substantially the same as 55–10–5(2), supra.)

* * * * *

"55–10–30. *Judgment in case of delinquency, dependency or neglect.*" (Has to do with probation, commitment to industrial school, etc., restitution, guardianship or other disposition, except jailing the child.) (All emphasis added.)

and bona fides, destroyable only by clear evidence adduced by him who attacks it. The record here discloses little or nothing indicating that such burden was met.

If what counsel for M says *were* true,—that 55-10-5 is unconstitutional,—we cannot see how deciding so would help M, since such a conclusion simply would destroy the concurrency of jurisdiction which the statute gives to the two courts, resulting in the district court having sole and exclusive jurisdiction under Art. VIII, Sec. 7, of the Utah Constitution which gives that court "original jurisdiction in all matters civil and criminal."

As to point 3) (a) and (b), supra, re: absence of a knowledgeable, voluntary waiver of counsel and entry of the guilty plea, the presumption of regularity and integrity of the conclusion of the trial court, rides with that conclusion, as in the case of protection of the child's best interests, as pointed out hereinabove, and the presumption must be overcome similarly, in a way that would show clearly that the petitioner was prejudiced by denial of his constitutional rights. No such showing was made in the instant case. The record affirmatively stated that M waived counsel, and he offered nothing here to prove otherwise, or that he definitely was not advised that counsel would not be furnished or that he sought counsel and was denied it. Significantly, less than a year before, he had counsel appointed by the court, and hence was not unaware of the fact that he could ask for and get counsel. All this happened in 1960 and 1961, nearly a decade ago, which would not contribute to any terrific sincerity of the contentions made here without any substantial proof in support thereof, except, upon inquiry in this case, he responded that he supposed he had a right to counsel. His testimony to the effect that his plea of guilty was involuntary is quite nebulous and without any substantial, believable or factual probative substance.

Defendant's counsel, Mr. Patillo, was appointed by the court, performed a highly commendable job on the appeal, for which this court is grateful.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.