## MOORE *v.* MISSOURI.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 493.  Argued and submitted October 30, 1895. — Decided November 25, 1895.

The provision in § 3959 of the Revised Statutes of Missouri that prisoners convicted two or more times of committing offences punishable by imprisonment in the penitentiary shall be punished with increased severity. for the later offences, does not in any way conflict with the provisions of the Fourteenth Amendment to the Constitution of the United States.

A State may provide that persons who have been before convicted of crime may suffer severer punishment for, subsequent offences than for a. first offence against the law, and that a different punishment for the same offence may be inflicted under particular circumstances, provided it is dealt out to all alike who are similarly situated.

Whether an indictment in a state court is sufficient in its description of the degree of the offence charged is a matter for the state court to determine, and its decision in that respect presents no Federal question.

No question which could be regarded as a Federal question having been raised at his trial, the prisoner was not subjected to an unconstitutional ruling in not being allowed to have his case heard at large by seven judges, instead of by three.

FRANK MOORE was indicted in the St. Louis Criminal Court for burglary in the first degree and larceny in a dwelling-house, on May 26, 1893. The indictment also charged that defendant "on the eleventh day of January, in the year of our Lord one thousand eight hundred and seventy-seven, at the city of St. Louis aforesaid, in the St. Louis Criminal Court, was duly convicted on his own confession of the offence of grand larceny, and in accordance with said conviction was duly sentenced by said court to an imprisonment in the penitentiary for the term of three years, and was duly imprisoned

in said penitentiary in accordance with said sentence, and that after his discharge from the penitentiary upon compliance with the sentence, he committed the said offences of burglary and larceny." Being duly arraigned, he pleaded not guilty, but subsequently withdrew his plea, and filed a motion to quash the indictment for duplicity, and " because section 3959, under which the said indictment purports to charge the defendant with a former conviction, is unconstitutional and illegal and void and in conflict with the Constitution of the United States and the State of Missouri." The motion being overruled, he was again arraigned, pleaded not guilty, and was put upon his trial, which resulted in a verdict of guilty of burglary in the second degree, his punishment being fixed by the jury at imprisonment in the penitentiary for life. A motion for a new trial was made for the following cause among others, " because the court erred in overruling defendant's motion to quash the indictment for the reason that it violated both the state and Federal Constitutions; " and, that motion being overruled, Moore filed a motion in arrest of judgment upon various grounds, and among them, that burglary in the second degree was not included in the offence of burglary in the first degree, but was a separate and distinct offence; that the statute upon which the indictment was founded was " unconstitutional and void, in that it violates the Fourteenth Amendment of the Federal Constitution, and violates the ' bill of rights' in the constitution of Missouri in prescribing a second punishment for the same offence, and different punishment for different persons for committing the same offence ; " that the indictment in charging the former conviction attacked defendant's character when not in issue ; and that the indictment failed to inform the defendant of the accusation against him. The motion in arrest was overruled and Moore sentenced to the penitentiary for life in accordance with the verdict, whereupon he appealed to the Supreme Court of Missouri, Division No. 2, by which the judgment was affirmed. 121 Missouri 514. Moore afterwards moved for a rehearing upon the ground, among others, that he " was acquitted by the jury of all and every charge against him in the

indictment, and yet stands sentenced for an offence not named in the indictment, nor included in any offence described therein, and thus is deprived of his constitutional right of being prose‑ cuted under an indictment · informing him of the nature and cause of the accusation against him ; " and also moved that the motion and cause be transferred to the court in banc. These motions were denied, and, thereafter, Moore moved the Supreme Court sitting in banc to set aside the judgment of Division No. 2, and to order that division to transfer the cause to the court in banc for the reason that the cause involved a Federal question, or questions, raised by his motions to quash the indictment, for new trial, and in arrest of judgment. The Supreme Court in banc denied this motion, and also a second motion to the same effect. A writ of error from this court was subsequently allowed.

*Mr. Charles T. Noland* for plaintiff in error.

*Mr. R. F. Walker*, Attorney General of Missouri, *Mr. C. O. Bishop*, and *Mr. Morton Jourdan*, for defendant in error, sub‑ mitted on their briefs.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

Admitting that the first ten articles of amendment to the Constitution of the United States were adopted as limitations on Federal power, it is argued for plaintiff in error that the fundamental rights secured thereby are protected by the four‑ teenth article of amendment from invasion by the States, in the prohibition of the abridgment of the privileges and im‑ munities of citizens of the United States ; of the deprivation of life, liberty, or property without due process of law ; and of the denial of the equal protection of the laws ; and it is con‑ tended that section 3959 of the Revised Statutes of Missouri of 1889 is in violation of that amendment, in that persons are thereby subjected to be twice put in jeopardy for the same offence, and to cruel and unusual punishment ; and deprived of

the equal protection of the laws. That section, which is also to be found in the Revised Statutes of Missouri of 1879 and the General Statutes of Missouri of 1865, is as follows :

" SEC. 3959. *Second offence, how punished.* — If any person convicted of any offence punishable by imprisonment in the penitentiary, or of petit larceny, or of any attempt to commit an offence, which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be discharged, either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offence committed after such pardon or discharge, he shall be punished as follows : First, if such subsequent offence be such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for life, or for a term which, under the provisions of this law, might extend to imprisonment in the penitentiary for life, then such person shall be punished by imprisonment for life ; second, if such subsequent offence be such that upon a first conviction the offender would be punishable by imprisonment for a limited term of years, then such person shall be punished by imprisonment in the penitentiary for the longest term prescribed upon a conviction for such first offence; third, if such subsequent conviction be for petit larceny, or for an attempt to commit an offence which, if perpetrated, would be punishable by imprisonment in the penitentiary, the person convicted of such subsequent offence shall be punished by imprisonment in the penitentiary for a term not exceeding five years."

Similar provisions have been contained in state statutes for many years, and they have been uniformly sustained by the courts. In the opinion of the Supreme Court of Missouri it is said : " The increased severity of the punishment for the subsequent offence is not a punishment for the same offence for the second time, but a severer punishment for the subsequent offence, the law which imposes the increased punishment being presumed to be known by all persons, and to deter those so inclined from the further commission of crime ; and we are unable to see how the statute which imposes such increased punishment violates the provisions of our constitu-

tion hereinbefore quoted. . . . The fact that the indictment charged a former conviction of another and entirely different offence, is not in fact charging him with an offence with respect of the former offence in the case in hand. The averments as to the former offence go as to the punishment only." And *People* v. *Stanley*, 47 California, 113; *Rand* v. *Commonwealth*, 9 Gratt. 738; *Ross's case*, 2 Pick. 165; *Plumbly* v. *Commonwealth*, 2 Met. (Mass.) 413; *Ingalls* v. *State*, 48 Wisconsin, 647; *Maguire* v. *State*, 47 Maryland, 485; *State* v. *Austin*, 113 Missouri, 538; and *Reg.* v. *Clark*, 6 Cox Cr. Cases, 210, are cited. And see *People* v. *Butler*, 3 Cowen, 347; *Johnson* v. *State*, 55 N. Y. 512; *Kelly* v. *People*, 115 Illinois, 583; *Blackburn* v. *State*, 50 Ohio St. 428; *Sturtevant* v. *Commonwealth*, 158 Mass. 598.

The reason for holding that the accused is not again punished for the first offence is given in *Ross's case* by Chief Justice Parker, that " the punishment is for the last offence committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself; " in *Plumbly* v. *Commonwealth*, by Chief Justice Shaw, that the statute " imposes a higher punishment for the same offence upon one who proves, by a second or third conviction, that the former punishment has been inefficacious in doing the work of reform for which it was designed; " in *People* v. *Stanley*, that " the punishment for the second is increased, because by his persistence in the perpetration of crime, he has evinced a depravity, which merits a greater punishment, and needs to be restrained by severer penalties than if it were his first offence; " and in *Kelly* v. *People*, " that it is just that an old offender should be punished more severely for a second offence — that repetition of the offence aggravates guilt." It is quite impossible for us to conclude that the Supreme Court of Missouri erred in holding that plaintiff in error was not twice put in jeopardy for the same offence, or that the increase of his punishment by reason of the commission of the first offence was not cruel and unusual. *In re Kemmler*, 136 U. S. 436. Nor can we perceive that plaintiff in error was denied the equal protection of the laws, for every other

person in like case with him, and convicted as he had been, would be subjected to the like punishment.

The Fourteenth Amendment means " that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances." *Missouri* v. *Lewis*, 101 U. S. 22. The general doctrine is that that amendment, in respect of the administration of criminal justice, requires that no different degree or higher punishment shall be imposed on one than is imposed on all for like offences; but it was not designed to interfere with the power of the State to protect the lives, liberty, or property of its citizens, nor with the exercise of that power in the adjudication of the courts of the State in administering the process provided by the law of the State. *In re Converse*, 137 U. S. 624. And the State may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offences than for a first offence against the law, and that a different punishment for the same offence may be inflicted under particular circumstances, provided it is dealt out to all alike who are similarly situated. *Pace* v. *Alabama*, 106 U. S. 583; *Leeper* v. *Texas*, 139 U. S. 462.

2. It is further urged, by plaintiff in error, that the crimes of burglary in the first degree and burglary in the second degree were so distinct and separate that plaintiff in error was not sufficiently informed of the nature and cause of the accusation against him by the indictment for burglary in the first degree, and was in fact convicted under what was, in effect, no indictment at all, and, therefore, denied due process of law. It is true that in order to a conviction for a minor offence it must be an ingredient of the major and substantially included in the offence charged in the indictment, but it is clearly a matter for the state courts to determine whether in a given case an indictment is sufficient in that regard. *Caldwell* v. *Texas*, 137 U. S. 692.

Under the statutes of Missouri burglary in the first degree is defined to be " breaking into and entering the dwelling-house of another, in which there shall be at the time some

human being, with intent to commit some felony or any larceny therein," in the several modes pointed out; and burglary in the second degree consists in breaking into a dwelling-house with intent to commit a felony or any larceny, "but under such circumstances as shall not constitute the offence of burglary in the first degree," or entrance into a dwelling-house in such manner as not to constitute burglary as hereinbefore specified, "with intent to commit a felony or any larceny," or the commission by a person being in, of felony or larceny, and the breaking of any door or otherwise, to get out, or the breaking of an inner door with intent to commit felony or larceny, when entrance is made through an open outer door or window, or where a person is lawfully in the house, etc.

The St. Louis Criminal Court and the Supreme Court of the State appear to have had no difficulty in concluding upon the evidence that it was for the jury to say whether plaintiff in error had committed the crime of burglary in the second degree, and that he could be lawfully convicted therefor under an indictment for the greater offence. It may be admitted that these courts did not suppose that they were passing on any Federal question in this regard, for no such question was specifically and seasonably raised; but if it had been we do not think that plaintiff in error was denied due process of law in the view which was taken of his case.

3. Finally, it is said that plaintiff in error was denied due process of law because his case was not heard by the court in banc, consisting of seven judges, but was left on the disposition of it by Division No. 2, consisting of three judges. In an amendment to the constitution of Missouri, adopted in 1890, the Supreme Court was divided into two divisions, Division No. 1 consisting of four judges and Division No. 2 of the remaining three, the latter division having exclusive cognizance of all criminal cases. It was also provided that when a Federal question was involved the cause, on the application of the losing party, should be transferred to the full bench for its decision. *Duncan* v. *Missouri*, 152 U. S. 377.

In *Bennett* v. *Missouri Pacific Railway*, 105 Missouri, 642, it was held that the court would not take jurisdiction on the

ground that a Federal question was involved, unless that question was raised in and submitted to the trial court, and such court had the opportunity to pass upon it; and that while it could not be laid down by rule how every such question must be raised in the trial court, it should, at least, be fairly and directly presented by some of the methods recognized by the practice and procedure of the court. In this instance, the Supreme Court in banc refused to direct the case to be transferred, and we cannot say that it was not justified in that refusal. The interjection into the motions to quash and for a new trial, of the assertion that section 3959 was in conflict with the Constitution of the United States, and also in the motion in arrest, was perhaps regarded as not sufficiently definite to invoke a distinct ruling on the points afterwards suggested, and, moreover, the full court may have been of the opinion that there was no sufficient ground for the contention that a violation of the Federal Constitution had occurred to require it to hear argument upon that subject. At all events, as we find that there was no ground for questioning the judgment of the Supreme Court because of such violation in the legislation on which that judgment was based or in the conduct of the trial, we cannot hold that the plaintiff in error was subjected to an unconstitutional ruling in not being allowed to have his case heard at large by seven judges instead of three.

*Judgment affirmed.*