## BELAND v. UNITED STATES.
### No. 10137.

Circuit Court of Appeals, Fifth Circuit.
June 11, 1942.
Rehearing Denied Aug. 27, 1942.

796

J. Forrest McCutcheon, of Dallas, Tex., for appellant.

Frank F. Taylor and William P. Fonville, Asst. U. S. Attys., both of Fort Worth, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Charles Beland was found guilty on counts 16, 18, and 42 of an indictment charging violations of the narcotic laws and a conspiracy. He received a general sentence of five years on counts 16 and 42, and a ten year suspended sentence on count 18. On appeal this court affirmed the judgment as to the conspiracy count 42, reversed the judgment on the other counts, and remanded the case with direction that Beland "be resentenced accordingly". Beland v. United States, 5 Cir., 117 F.2d 958, 960. The Supreme Court denied certiorari 313 U.S. 585, 61 S.Ct. 1110, 85 L.Ed. 1541.

On November 10, 1941, after the mandate of this court had issued, but before imposition of sentence by the trial court, the United States Attorney for the Northern District of Texas filed an information under 26 U.S.C.A.Int.Rev.Code, § 2557 (b) (7) setting forth that on two previous occasions Beland had been convicted of unlawfully selling morphine, a derivative of opium, in violation of the narcotic laws of the United States. On November 11, 1941, Beland came into court, and having been fully apprised of the allegations of the information and of his right to a jury trial as to the truth thereof, and having been cautioned as to his rights, he acknowledged that he was the person named in the information and that he had been previously convicted as alleged. The court thereupon sentenced Beland to serve a term of seven years in the penitentiary, a term below the maximum prescribed by § 2557 (b) (5) (6) (7). Subdivision 6 of this section provides: "A person who, after having been two times convicted of selling, importing, or exporting, or conspiring to sell, import, or export, opium, * * * derivative, or preparation of opium, * * * again sells, * * * or conspires to sell, import, or export, any of the said narcotic drugs, in violation of the laws of the United States, shall, upon conviction of such third offense, or any offense subsequent thereto, be fined not more than $10,000 or imprisoned in a Federal penitentiary for not more than twenty years, or both, in the discretion of the court, whenever the fact of such previous convictions is established in the manner prescribed in paragraph 7 of this subsection." Paragraph 7 provides for the filing of an information by the District Attorney, and for a jury trial to establish the truth of its allegations if such allegations are not expressly admitted by the defendant.

Beland contends that since his conviction was for a conspiracy the trial court was bound by the mandate of this court to impose a sentence of not more than two years; and that since he had voluntarily surrendered to the United States marshal on November 7, 1941, he had begun serving his sentence, and the trial court was without authority on November 11, 1941, to impose a sentence of more than two years. When this court reversed the judgment on two counts of the indictment and affirmed the judgment on the conspiracy count, we expressed no opinion as to the length of sentence to be imposed. We simply remanded the case with direction to resentence the defendant; that is, resentence him in accordance with the Constitution and laws of the United States. His surrender to the marshal in no wise affected the trial court's authority to sentence him in accordance with law, and this is especially true since § 2557 (b) (7) provides for the filing of an information and proceedings upon it "after conviction and *before* or *after* sentence."

The appellant attacks the constitutionality of the invoked section on the ground that his previous convictions were alleged and

set forth in an information and not in an indictment, and that such method of procedure was violative of the Fifth Amendment to the Constitution that, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."

██ An indictment is confined to the question of whether an offense has been committed; it charges the commission of a crime. The information filed by the District Attorney in this case did not call upon Beland to answer for an offense. It did not charge a crime; it merely alleged facts which, if established by admission of the defendant or by proof before a jury, went only to the question of punishment. Beland already stood finally convicted of the offense charged in the 42d count of the indictment, and the question presented by the information was simply whether he had been convicted of violation of the narcotic laws on two previous occasions. The question of his guilt on the 42d count was not and could not be reopened, and the information did not attempt to reopen this question. The identification of the defendant with the two previous convictions was all that was sought, and there was no occasion for an indictment. The procedure was not violative of the Fifth Amendment. Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917.

██ Beland further attacks the constitutionality of the section, contending that it is an ex post facto law prohibited by Article I, Section 9, Clause 3, of the Constitution; and that the sentence imposed was and is "an unusual and cruel punishment", and contrary to Amendment Article VIII. The contentions are without merit. It is without dispute that the conspiracy charged in count 42 had its inception in November, 1937. Appellant says, however, that § 2557 (b) (5) (6) (7) was enacted February 10, 1939; that his previous convictions were in 1926 and 1935 as alleged; and that the increased punishment provided by the section was, as applied to him, "an increase in punishment to that prescribed at the time of the prior offense", and, therefore, in violation of the constitutional provision against ex post facto laws. This contention overlooks the fact that the statute providing for increased punishment for habitual narcotic law violators was approved August 12, 1937, prior to the inception of the conspiracy charged in count 42. 50 Stat. 627, 21 U.S. C.A. §§ 200, 200a, 200b, and embraced in the Internal Revenue Code as § 2557 (b) (5) (6) (7) by Act Feb. 10, 1939, c. 2, 53 Stat. 1, 26 U.S.C.A.Int.Rev.Code § 4. The questioned provisions of the statute were in full force and effect at the inception and conclusion of the conspiracy charged in the 42d count.

██ Statutes imposing aggravated penalties upon persons who have been previously convicted of crime have long been recognized in this country and in England, and it has been held that by such statutes habitual criminals are not punished for their earlier offense, "but the repetition of criminal conduct * * * justifies heavier penalties when they are again convicted." Graham v. West Virginia, 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917. The statute before us provides for punishment for none but future crimes. It is not ex post facto in its operation, nor does it provide cruel and unusual punishment. McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301.

██ The contention that the judgment is too general, vague, and indefinite to stand is technical in the extreme. The surplus verbiage of the judgment adds nothing to and takes nothing from the sentence which clearly appears as imprisonment in an institution of the penitentiary type "for a period of seven years".

The judgment is affirmed.