## COOPER v. UNITED STATES.

United States District Court
S. D. New York.
Sept. 3, 1953.

J. Edward Lumbard, U. S. Atty., New York City, Mortimer C. O'Brien, White Plains, of counsel, for United States.

Florence M. Kelley, New York City, for Arthur Cooper, Milton Adler, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Arthur Cooper was convicted of three violations of Title 21 U.S.C.A. §§ 173 and 174, after a trial by jury on March 14, 1952. On March 25, 1952 an information setting forth two prior federal narcotic convictions was filed pursuant to the provisions of Title 21 U.S.C.A. § 174, as amended November 2, 1951. The defend-ant, having admitted that he was the person so previously convicted, was then sentenced by this Court as a third offender under the last named statute, which prescribes a penalty in such a case of imprisonment for not less than ten nor more than twenty years. The sentence imposed was for a prison term of ten years on each count, to run concurrently.

The defendant now seeks to have this sentence modified on the grounds that his two prior federal narcotic convictions were had before the pertinent statute was amended and that, consequently, the effect of the instant sentence was to impose additional penalties for his prior violations contrary to the constitutional protection against "ex post facto" penalties and "cruel and unusual punishment."

This contention is not a novel one. The fallacy it contains is that the punishment is not meted out for the prior offenses but rather for the repetition of such offenses subsequent to the enactment of the statute. Congress violates no Constitutional mandate when it provides that those who have offended in the past will be treated more severely if they again transgress. The wisdom of this statute and the appropriateness of the penalties it prescribes are not for this Court to question, there being no doubt as to the reasonableness of the distinction which the statute makes in singling out prior offenders for special treatment.

In Beland v. United States, 5 Cir., 128 F.2d 795, 797, certiorari denied 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543, rehearing denied 317 U.S. 710, 63 S.Ct. 205, 87 L.Ed. 566, the court stated:

"Beland further attacks the constitutionality of the section, contending that it is an ex post facto law prohibited by Article I, Section 9, Clause 3, of the Constitution; and that the sentence imposed was and is 'an unusual and cruel punishment', and contrary to Amendment Article VIII. The contentions are without merit. * * *

"Statutes imposing aggravated penalties upon persons who have been previously convicted of crime have long

466

been recognized in this country and in England, and it has been held that by such statutes habitual criminals are not punished for their earlier offense, 'but the repetition of criminal conduct * * * justifies heavier penalties when they are again convicted.' Graham v. West Virginia, 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917. The statute before us provides for punishment for none but future crimes. It is not ex post facto in its operation, nor does it provide cruel and unusual punishment. McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301."

The Court agrees with the reasoning of the Beland case and believes the issues there raised to be indistinguishable from those in the present proceeding.

The motion is denied.