**Paul Lewis HAYES, Petitioner-Appellant,**

v.

**Donald E. BORDENKIRCHER, Superintendent, Kentucky State Penitentiary, Respondent-Appellee.**

No. 79–3057.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1980.

Decided May 29, 1980.

J. Vincent Aprile, II, Asst. Deputy Public Defender, Frankfort, Ky., for petitioner-appellant.

Robert F. Stephens, Atty. Gen. of Ky., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before LIVELY, KEITH and MERRITT, Circuit Judges.

KEITH, Circuit Judge.

Petitioner-Appellant Hayes seeks this appeal from the judgment of the district court denying him habeas corpus relief (pursuant to 18 U.S.C. § 2254). Hayes claims that the application of Kentucky's now repealed recidivist statute constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. As we find the questions raised by the petitioner-appellant identical to one recently addressed and resolved by the Supreme Court in *Rummel v. Estelle,* —— U.S. ——, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), we affirm the denial of this habeas corpus petition by Judge Moynahan.

A.

This is the second time that this Court has had the occasion to discuss a denial of a habeas corpus petition by petitioner Hayes. Several years ago we held in *Hayes v. Cowan,* 547 F.2d 42 (1976), reversed by *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), that the application to the appellant of Kentucky's recidivist statute violated appellant's due process rights. This holding was predicated upon the conduct of the prosecutor in adding the habitual offender's charge to the appellant's indictment after the latter elected to exercise his constitutional right of trial. Following the reversal of our decision by the Supreme Court in *Bordenkircher v. Hayes, id.,* Petitioner Hayes asserted this Eighth Amendment, cruel and unusual claim, in a habeas petition before the federal district court since the nature of our earlier disposition did not require that we address the Eighth Amendment claim. The district court rejected the petitioner's claim and denied the habeas corpus petition. An appeal was taken January 24, 1979.

The facts which led to petitioner's conviction and incarceration are not disputed. On January 8, 1973, he was indicted for forgery of a check in the amount of $88.30 by a Fayette County, Kentucky grand jury. After arraignment, a pre-trial conference was held with the state prosecutor. During this conference, the prosecutor offered to recommend a five-year sentence if Hayes would plead guilty. Petitioner was warned that if he did not plead guilty, he would be charged under the habitual criminal statute. He refused to plead guilty, but rather insisted on receiving a full trial. The prosecutor thereupon returned to the grand jury, and on January 29, 1973, obtained a new indictment charging petitioner under the habitual criminal statute based upon the forgery as a third offense. Petitioner was convicted by a jury, and on instructions by the judge, the mandatory life sentence for a third offense habitual criminal was imposed.

### B.

Appellant-Petitioner Hayes raises one argument in support of his contention that the now repealed recidivist statute of Kentucky was unconstitutionally applied to him.[1] Petitioner Hayes argues that the imposition of the "life imprisonment sentence" following his third felony conviction as mandated by the Kentucky statute was so disproportionate that the "cruel and unusual" clause of the Eighth Amendment was violated. A review of the petitioner's brief reveals extensive reliance on the four-pronged test in *Hart v. Coiner*, 483 F.2d 136, 139 (4th Cir. 1973), *cert. denied*, 415 U.S. 983, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974).[2] However, *Rummel v. Estelle*, —— U.S. ——, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) removes the *Hart* test from our consideration.

In *Rummel*, the petitioner received a life penalty sentence as a result of the Texas recidivist statute.[3] The Texas statute, as does Kentucky's, required three offenses before triggering operation of the recidivist provision. *Rummel* asserted that the life imprisonment sentence disproportionately punished his three attempts to fraudulently obtain money.[4]

Mr. Justice Rehnquist speaking for the majority, rejected the contention of Petitioner Rummel that the mandatory imposition of a life sentence disproportionately punished the theft of such paltry sums. Justice Rehnquist concluded that American citizens do not have an Eighth Amendment constitutional right to have punishment proportionate to the severity of the crime. He observed that the capital punishment cases differ in kind to such an extent that they are of *"limited assistance"* in deciding the constitutionality of the punishment meted out.[5] As a consequence of *Rummel*,

---

1. At the time of appellant's conviction the statute provided:

   Conviction of felony; punishment on second and third offenses. Any person convicted a second time of felony shall be confined in the penitentiary not less than double the time of sentence under the first conviction; if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty unless the jury finds, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state. K.R.S. § 431.190.

   It has since been repealed. According to § 532.080, which now regulates "persistent felony offender sentencing" the special sentence may be imposed only if, for each of two previous felony convictions, the sentence was at least one year; defendant was imprisoned under each such sentence before commission of the instant felony; and the offender was over eighteen years of age at the time he committed each offense. Petitioner would not have been subjected to enhanced sentencing under § 532.-080, because none of these conditions were satisfied.

2. The Fourth Circuit enumerated four factors that should be considered in determining the constitutionality of a sentence in the face of an Eighth Amendment challenge. These factors are:
   1) the nature of the offense itself;
   2) the legislative purpose behind the punishment;
   3) a comparison of the punishment imposed with the punishments available in other jurisdictions for the same offenses; and
   4) a comparison of punishment available in the same jurisdiction for other offenses.

   *Hart v. Coiner*, 483 F.2d 136, 140–142 (4th Cir. 1973), *cert. denied*, 415 U.S. 983, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974).

3. In one sense our case almost falls between the cracks of *Rummel v. Estelle*, —— U.S. ——, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Appellant attempts to use the fact that he did not serve a sentence on one of the felonies as a basis to reverse the trial court. Arguably, the appellant derives some support from the statement in *Rummel, supra*, that the Texas statute required the defendant to "actually serve time in prison for each of the offenses." *See* n. 15 citing *Cromeans v. State*, 160 Tex.Cr. n. 135, 268 S.W.2d 133, 135 (1954). It is not outside the realm of speculation that the Supreme Court took judicial notice of this interpretation in finding the old version of the Texas recidivist statute constitutional. However, since this was not stated in the *Spencer v. Texas* decision, we reject this contention. *See Moore v. Missouri*, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895).

4. In fact, the amount for all three offenses totaled only $229.11.

5. The dissent stated:

   [I]n both capital and non-capital cases this Court has recognized that the decision in

it is beyond debate that *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), does not stand for the general proposition that a sentence pursuant to a state statute may be challenged under the Eighth Amendment if the policy of the state is being advanced. We now understand that "*Weems* can[not] be applied without regard to its peculiar facts: the triviality of the charged offense, the impressive length of the minimum term of imprisonment, and the extraordinary nature of the "accessories" included within the punishment of *cadena temporal*." *Rummel v. Estelle*, —— U.S. ——, 100 S.Ct. 1139. After excluding capital punishment cases and the "unique nature of punishments considered in *Weems*," the majority concludes "without fear of contradiction by any decision of this Court" that the classification of crimes and the length of stay in a state penitentiary is "purely a matter of legislative perogative." *Id.* ——, 100 S.Ct. 1139.

*Rummel* appears to preclude invoking the disproportionality principle as violative of the Eighth Amendment except in capital punishment and "unique factual circumstances." According to the majority, sentencing falls peculiarly within the province of the legislature and a state is largely free to determine the "necessary propensities and the amount of time that the recidivist will be isolated from society." This result is dictated by our federal system.

Petitioner Hayes' argument in this case parallels that which was unequivocally rejected in *Rummel*, and thus we are compelled to reject the argument of Petitioner Hayes. Admittedly we are disturbed by the fact that Hayes must suffer life imprisonment under a statute today that has been repealed.[6] Even more disturbing, however, is the fact that Kentucky's current recidivist statute requires an individual to have actually *served* prison time on both offenses. Since Hayes received probation from the prison sentence on the second felony, under the current recidivist statute in Kentucky the "third" felony would be viewed as the second. While these facts distinguish the plight of Mr. Hayes somewhat from that of Petitioner Rummel, the distinction would hardly be material even with the dissenters in *Rummel*.

### C.

In his dissent, Mr. Justice Powell starts from the rational premise that the "penalty for a noncapital offense may be unconstitutionally disproportionate." Unlike the majority he finds a basis for his premise in the language of the Eighth Amendment and "objective indicia that reflect the public attitude toward a given sanction." —— U.S. ——, 100 S.Ct. 1145. To invoke disproportionality analysis one measures the "relationship between the nature and number of offenses committed, and the severity of the punishment inflicted upon the offender." —— U.S. ——, 100 S.Ct. 1146. In short, the question is does the person deserve such a punishment rather than will the punishment serve a "utilitarian goal." Mr. Justice Powell attacks the reasoning in the majority opinion by noting the omission of a "basis in principle for distinguishing between permissible and grossly disproportionate life imprisonment." As stated above, the dissent would look to objective factors before concluding that a particular punishment failed to trigger the "Cruel and Unusual Punishment" clause of the Eighth Amendment. Among the factors specifically alluded to are: (1) the nature of the offense; (2) the sentence imposed for commission of the same crime in other jurisdictions; and (3) the sentence imposed upon other criminals in the same jurisdiction.

Even under these objective factors the punishment of Petitioner Hayes is constitu-

---

*Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), proscribes punishment grossly disproportionate to the severity of the crime! *Ingraham v. Wright*, 430 U.S. 651, 667, 97 S.Ct. 1401, 1410, 51 L.Ed.2d 711 (1977). *See also Hutto v. Fin-*

ney, 437 U.S. 678, 685, 98 S.Ct. 2565, 2571, 57 L.Ed.2d 522 (1978), *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977) (opinion of White, J.).

**6.** *See* n.1, *supra.*

tionally permissible. His offenses: detaining a female against her will with the intent to have carnal knowledge; robbery and uttering a forged instrument while on probation for the robbery conviction, are neither trivial nor punished as trivial in other jurisdictions. Had Mr. Hayes waited to utter the forged instrument until after Kentucky modernized its recidivist statute, he would not now be faced with the mandatory life imprisonment.

### D.

The judgment of the district court is accordingly affirmed.