Marvin LANG, Defendant/Petitioner,

v.

UNITED STATES of America,
Plaintiff/Respondent.

Civil Action No. 03–CV–70389–DT.
Criminal Case No. 99–CR–81019.

United States District Court,
E.D. Michigan,
Southern Division.

June 30, 2004.

Marvin Lang, Lompoc, CA, pro se.

*ORDER (1) ACCEPTING THE MAGIS-
TRATE JUDGE'S REPORT AND
RECOMMENDATION AND (2) DE-
NYING PETITIONER'S MOTION
TO VACATE SENTENCE PURSU-
ANT TO 28 U.S.C. § 2255*

BORMAN, District Judge.

The Court has reviewed the Magistrate Judge's Report and Recommendation, filed on May 12, 2004, as well as any objections filed thereto.

IT IS ORDERED that the report and recommendation is accepted and entered as the findings and conclusions of this Court, and that Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

## *REPORT AND RECOMMENDATION*

MAJZOUB, United States Magistrate Judge.

***RECOMMENDATION:*** This Court recommends that Petitioner's Motion To Vacate Sentence Pursuant to 28 U.S.C. § 2255 be DENIED.

\* \* \* \* \* \*

The facts underlying Petitioner's conviction were adequately set forth by the Sixth Circuit as follows:

On October 27, 1999, officers of the Detroit Police Department executed a warrant to arrest one Tony Reed on the charge of felon in possession of a firearm. They accosted Reed in a driveway, where he was standing talking with Lang. After ordering both men to lie down, an officer asked Lang if he had anything in his pockets; Lang said he had a gun. The officer then recovered the gun, a .32 caliber sem-automatic pistol.

Lang, as it turned out, had a considerable criminal history: he had five prior felony convictions, including a 1989 Ala-

bama conviction for armed robbery, a 1990 Michigan conviction for bank robbery, and a 1991 federal conviction for bank robbery.

On November 3, 1999, Petitioner was charged in a one count indictment for felony firearm possession contrary to 18 U.S.C. § 922(g)(1). On April 4, 2000, Petitioner entered into a Rule 11 plea agreement after being charged in a one count superseding information of possessing a stolen firearm contrary to 18 U.S.C. § 922(j) (Docket # 21 & 22). On October 6, 2000, Petitioner filed a Motion To Stay Proceedings which the Court denied. On October 10, 2000, the day of sentencing, Petitioner filed a motion to withdraw his guilty plea (Docket # 29). The Court denied Petitioner's motion and he was sentenced to a term of eighty-four month's imprisonment. On October 17, 2000, Petitioner appealed his conviction to the United States Court of Appeals for the Sixth Circuit arguing that the police search was unconstitutional and challenging the voluntariness of his plea. Petitioner's conviction was affirmed on October 7, 2002 (Docket # 49).

On January 30, 2003, Petitioner filed the instant Motion To Vacate Sentence under 28 U.S.C. § 2255. In his motion, Petitioner raises the following issues:

I. The appellant, Marvin Lang is challenging the Constitutionality of chapter four of the Sentencing Guidelines

II. The district court erroneously believed it has the authority to punish the appellant for something the law does not make criminal

III. The district court erroneously believed it has the authority to punish the appellant for something the law does not make criminal; nor was he tried or convicted of committing

IV. The district court erroneously believed that it has the authority to ENFORCE A LAW THAT DOES NOT EXIST

In Petitioner's supporting brief, he clarifies the basis of his arguments as follows. First, he contends that he was convicted, contrary to any law, of being a recidivist. Petitioner also argues that the district court erroneously sentenced him for a crime (being a recidivist) without including this charge in his indictment. Next, Petitioner makes a general argument that his right to Due Process and Equal Protection under the Fourteenth Amendment has been violated. Finally, Petitioner argues that his counsel was ineffective for failing to pursue certain legal theories. Respondent filed a Response To Petitioner's Motion To Vacate Sentence contending that Petitioner's claims are both procedurally defaulted or without merit.

## STANDARD OF REVIEW

A writ of habeas corpus is authorized under 28 U.S.C. § 2255 which provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255. The Sixth Circuit has held that:

'To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'

*Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998)(quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994)) (citations omitted).

In certain instances, a prisoner may be precluded from presenting his habeas claims where he failed to either object during trial or raise his claims on direct appeal. In such circumstances, the prisoner is said to be procedurally defaulted from pursuing his habeas claims in federal court. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (citations omitted)). Here, Petitioner raised only two arguments on his direct appeal; (1) that the police search was unconstitutional, and (2) that his plea was not voluntary. Because Petitioner failed to raise his arguments forming the basis of his instant Motion To Vacate Sentence, he is procedurally defaulted from now pursuing those claims unless he can demonstrate entitlement to habeas review by other means. "When the section 2255 petitioner has procedurally defaulted his contentions by failing to assert them on direct appeal or via a previously litigated habeas application, he must further either prove (1) that he possessed good cause for failing to do so and

would suffer actual prejudice if his averments are deemed precluded, or (2) that he is actually innocent of the subject offense." *Fair v. United States,* 157 F.3d 427, 430 (6th Cir.1998) (citing *Bousley,* 523 U.S. at 622, 118 S.Ct. 1604).

 Here, Petitioner vaguely, and without detail, alleges that his trial counsel was ineffective for failing to pursue certain legal theories. Ineffective assistance of counsel may constitute cause to excuse procedural default. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). To prove ineffective assistance of counsel, Petitioner must show his counsel's performance was deficient by falling below an objective standard of reasonableness, and also that counsel's deficiencies prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To demonstrate prejudice, a defendant must demonstrate that there exists a reasonable probability that, absent counsel's professional errors, the results of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052. Courts should be highly deferential to defense counsel's performance. *Id.* at 690, 104 S.Ct. 2052. In this case, Petitioner falls far short of setting forth a cognizable claim of ineffective assistance of counsel. In his brief, Petitioner asserts:

> Where was the appellant afforded DUE PROCESS OF LAW, under the Sixth Amendment? The appellant's Constitutional Guaranteed Rights under the Sixth Amendment was abridged by the same court that is sworn to uphold the LAW, when it denied the appellant the right to a speedy and public trial, by an impartial jury of the State and district

> wherein the alleged crime was to have been committed, or to call witnesses in his favor or to have the assistance of counsel for his defense against these allegations of him violating a RECIDIVISM LAW.

(Petitioner's Brief, pg. 9). Seemingly, Petitioner contends that his counsel was ineffective for failing to guard against the court's consideration of prior acts in his sentencing. Even assuming Petitioner's procedural default was excused for his counsel's deficient performance, Petitioner is not entitled to habeas relief.

### EFFECT OF RECIDIVISM ON SENTENCE

Petitioner's basic argument is that he should not have been sentenced as a recidivist where he was not properly charged as such in an indictment. Petitioner goes further to ask, "Does a law exist making it against the law for a defendant to have a prior criminal past?" (Petitioner's Brief, pg. 2). Next, Petitioner poses, "Doesn't a defendant have to be arrested, indicted, tried and convicted of violating this law before he or she can be punished (sentenced) for violating this law?" *Id.* Finally, Petitioner re-phrases his first two questions by asking, "Does the district court have subject matter jurisdiction to punish a defendant for something that the law does not make criminal?" *Id.* All of Petitioner's contentions, framed as questions, are without merit.

 To support his arguments that he received an improperly enhanced sentenced as a recidivist, Petitioner cites *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the United States Supreme Court held that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior

conviction, must be submitted to a jury and proved beyond a reasonable doubt. Petitioner seems to argue that the trial court violated this rule when it considered his past crimes and conduct when calculating his sentence. However, Petitioner's past convictions and conduct, even if considered by the trial court, did not increase Petitioner's sentence beyond the prescribed statutory maximum. *See* 18 U.S.C. § 924(a)(2)(providing a ten-year maximum sentence for violation of § 922(j)). *Apprendi* does not apply to sentencing factors as long as the sentence imposed does not exceed the statutory maximum. Because Petitioner was sentenced well under the 120 month maximum (Petitioner received only 87 months), he cannot assert a constitutional violation based on *Apprendi.*

## FAILURE TO INDICT AS RECIDIVIST

 Petitioner's argument that the government should have charged him as a recidivist or habitual offender in an indictment is also without merit. The Supreme Court has uniformly held that allegations of prior convictions under recidivist statutes do not constitute a separate and distinct crime but bear only upon the permissible punishment. *See Nichols v. U.S.*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994)("[s]entencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior."); *United States v. Miller,* 588 F.2d 1256, 1266 (9th Cir.1978)("[E]vidence of other criminal conduct not resulting in conviction may be considered when imposing sentence."); *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)(holding that an habitual criminal charge does not state a separate offense); *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948)("The sentence

as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."); *Graham v. West Virginia,* 224 U.S. 616, 623, 32 S.Ct. 583, 56 L.Ed. 917 (1912) ("The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted."); *Moore v. Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895)(upholding heavier sentences for habitual offenders). Thus, Petitioner's claim that the government was required to charge him, by information or indictment, of being a recidivist or habitual offender, is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

For the same reasons as stated above, Petitioner's argument based on ineffective assistance of counsel must fail. Petitioner asserts that he "was never allowed to have counsel assistance to represent him on charges that he violated any RECIDIVISM LAW." (Petitioner's Motion, pg. 6). However, as outlined above, Petitioner was not charged with being a recidivist but rather for possession of a stolen firearm contrary to 18 U.S.C. § 922(j). For the charged crime, Petitioner was sentenced within the statutory maximum. Thus, Petitioner's argument that he was without effective counsel to defend the charge of recidivism is without a legal basis. Accordingly, Petitioner cannot demonstrate either of the grounds to prove ineffective assistance of counsel under *Strickland.*

## EQUAL PROTECTION CLAIM

Also without merit is Petitioner's final claim that he "never received EQUAL PROTECTION OF THE LAW, because the district court, that is sworn to uphold the LAW, is in fact the one whom has blatantly violated the appellant's Constitutional Rights under the Fifth, Sixth, and Fourteenth Amendments." (Petitioner's Motion, pg. 6). As already discussed, Petitioner was sentenced within the statutory maximums for the charged crime of possessing a stolen firearm. Petitioner fails to set forth any grounds which could be construed as a claim based on the Equal Protection clause of the Fourteenth Amendment.

## CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's Motion To Vacate Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as Petitioner has failed to demonstrate any fundamental defect to warrant such relief.

## NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Services,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231,* 829 F.2d 1370, 1373

(6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection # 1," "Objection # 2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection # 1," "Response to Objection # 2," etc.

May 13, 2004.