NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2593

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-242 |
| DEWITT H. FIFE, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Chief Judge.* |

**O R D E R**

Dewitt Fife is before this court a second time. In 2008 he pleaded guilty to possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), and despite past convictions in Illinois for burglary, arson, and armed violence, the district court concluded that Fife was not subject to a minimum prison term of 15 years under the Armed Career Criminal Act, *see id.* § 924(e). The court reasoned that armed violence, *see* 720 ILCS 5/33A–2, is not a violent felony as defined in § 924(c)(2)(B), and thus Fife did not have three qualifying convictions and was not an armed career criminal, *see* 18 U.S.C. § 924(e)(1). On the government's appeal, however, we concluded that armed violence, under Illinois law, is a violent felony. We vacated the 48-month prison term imposed by the district court and remanded with instructions to resentence Fife as an armed career criminal. *United States v. Fife*, 624 F.3d 441, 449 (7th Cir. 2010).

In his first appeal Fife had not challenged the district court's assessment that burglary and arson are violent felonies, but at resentencing Fife asserted that he was convicted of burglary without a lawyer and thus the conviction was unconstitutional and could not count as a predicate conviction under the ACCA. The district court noted that, although Fife had challenged the use of his burglary conviction on a different ground during his first sentencing, he did not contend that the conviction had been uncounseled and thus waived that claim. The court concluded that Fife is an armed career criminal and sentenced him to the statutory minimum.

Fife then filed this second appeal, but his appellate counsel has concluded that the case is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Fife has filed a response opposing counsel's motion. CIR. R. 51(b). We confine our review to potential issues identified in counsel's facially adequate brief and in Fife's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel recognizes that the scope of our earlier remand was narrow, and thus the range of possible claims in this appeal is narrow as well. Fife cannot challenge the guilty plea, for example, because in the prior appeal he passed over the opportunity to dispute the voluntariness of his plea or the adequacy of the plea colloquy. *See United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001). Nor can Fife argue again that the Illinois offense of armed violence is not a violent felony, since issues resolved against him in the prior appeal cannot be relitigated. *See Husband*, 312 F.3d at 251; *Morris*, 259 F.3d at 898. Moreover, the prison sentence imposed on remand is the statutory minimum, so even possible claims about the application of the sentencing guidelines or the reasonableness of Fife's sentence would necessarily be frivolous. *See United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006); *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008); *United States v. Samuels*, 543 F.3d 1013, 1021 (8th Cir. 2008).

That leaves only Fife's contention at resentencing that his burglary conviction was uncounseled and thus invalid, but counsel correctly rejects this potential argument as frivolous. During his initial sentencing, Fife did not challenge his burglary conviction based on lack of counsel, nor did he dispute on appeal the district court's conclusion that the conviction was for a violent felony. As the district court suspected, then, the question need not have been addressed on remand. *See Husband*, 312 F.3d at 251. In any event, the judge concluded that Fife had counsel when he was convicted of burglary, and an appellate claim challenging that finding as clearly erroneous would be frivolous. *See United States v. Hach*, 162 F.3d 937, 949–50 (7th Cir. 1998).

Fife suggests three potential arguments in his Rule 51(b) response: whether the district court impermissibly referred to the state complaint in deciding if his conviction for armed violence is a violent felony, whether the reliance on his prior convictions to increase his sentence violated the Double Jeopardy Clause, and whether sentencing him as an armed career criminal without alleging his prior convictions in the indictment and proving them to a jury beyond a reasonable doubt violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Each of these arguments would be frivolous. We decided in Fife's last appeal that his conviction for armed violence is a conviction for a violent felony. And recidivism enhancements are not only consistent with the Double Jeopardy Clause, *see Witte v. United States*, 515 U.S. 389, 400 (1995); *Moore v. State of Missouri*, 159 U.S. 673, 677 (1895), but also exempt from the rule of *Apprendi*, *see Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.