**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ADAN ENRIQUE LUNA-CORONA,

    Petitioner,

v.

PAMELA J. BONDI[*], United States
Attorney General,

    Respondent.

No. 24-9522

_____

**Petition for Review from the**
**Board of Immigration Appeals**
_____

Submitted on the briefs:[**]

Luis Cortes Romero and Amy Rubenstein of Novo Legal Group, LLC, Denver, Colorado,
for Petitioner Adan Enrique Luna-Corona.

Brian M. Boynton, Sarah A. Byrd, and Robert P. Coleman III of United States
Department of Justice, Office of Immigration Litigation, Washington, D.C., for
Respondent United States of America.

_____

Before **HARTZ**, **MORITZ**, and **EID**, Circuit Judges.

_____

[*] On February 5, 2025, Pamela J. Bondi became Attorney General of the
United States. Consequently, she has been substituted for Merrick B. Garland as
Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

_____

**HARTZ**, Circuit Judge.

_____

Under this country's immigration laws an alien who has been unlawfully present here for a long time need not always be deported. Aliens who have lived continuously in the United States for 10 years and satisfy certain other conditions may be eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). The condition at issue in this case is that the alien have been of good moral character for the prior 10 years. *See id.* § 1229b(b)(1)(A)–(B).[1]

The question presented to this court is whether Petitioner Adan Luna-Corona was improperly denied eligibility because of a conviction for recidivist driving under the influence (DUI). That conviction occurred within the prior 10 years, but the convictions that made him a recidivist were all long before then. Petitioner contends that it was unlawful for the immigration judge (IJ) and Board of Immigration Appeals (BIA or Board) to consider the DUI convictions that were more than 10 years old. As the government acknowledges, we have jurisdiction to review this contention because it raises a question of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D). We deny the petition for review.

_____

[1] The two other conditions are that (1) the alien has not been convicted of certain offenses and (2) if the alien is removed, exceptional hardship would result to a member of the alien's immediate family who is a citizen or permanent resident. *See* 8 U.S.C. § 1229b(b)(1)(C)–(D).

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States unlawfully decades ago. In 2017 the Department of Homeland Security served him with a Notice to Appear. The Notice charged that he was inadmissible under the Immigration and Nationality Act (INA). It alleged that he had entered the United States illegally and was therefore subject to removal from the country. Petitioner admitted as much at his removal proceedings, and the IJ upheld the government's charges against him. He then applied for cancellation of removal and, in the alternative, sought voluntary departure. The IJ denied his application but granted voluntary departure.

In denying cancellation of removal, the IJ found that Petitioner had not shown that "he has been a person of good moral character for the ten years immediately preceding [the] Court's final decision." A.R. at 55. The IJ recognized the evidence that Petitioner was "a good father and husband, and regarded as a hard worker and reliable friend." *Id.* But despite "these positive factors," the IJ could not "overlook [Petitioner's] long history of alcohol abuse and criminal conduct." *Id.*

In 2017, about two months before receiving the Notice, Petitioner had pleaded guilty to a DUI offense committed the prior year. This was his fourth such conviction; the prior three occurred in 1995 and 1996. The IJ recognized that Petitioner had expressed remorse for his DUI convictions. The IJ also acknowledged that Petitioner's earlier DUIs fell outside the 10-year period for assessing good moral character. Still, in the words of the IJ, "[t]o view [Petitioner's] 2017 DUI conviction

3

in isolation of his three prior convictions for the same offense would ignore the widely recognized relationship between recidivist behavior and one's moral character." A.R. at 56. The IJ found that Petitioner's "recent DUI conviction was not a 'single lapse' in judgment, but a continuation of multiple lapses in judgement [sic]—weighing heavily against a finding of good moral character." *Id.* Petitioner appealed to the BIA.

The BIA dismissed the appeal. Like the IJ, the BIA determined that Petitioner's "2017 DUI conviction does not represent a 'single lapse' in judgment, but rather is recidivist in nature." *Id.* The BIA agreed with the IJ that "the seriousness and repeat nature of [Petitioner's] offense outweigh[ed] his positive equities." *Id.* And "[t]o the extent that [Petitioner] allege[d] a due process violation" by the IJ, the BIA also rejected that claim. *Id.* The Board said that the IJ "properly considered all relevant evidence in this case, including the circumstances surrounding [Petitioner's] 2016 DUI arrest and subsequent conviction in 2017." A.R. at 4. In particular, the IJ did not err in considering "[t]he fact that [Petitioner] drove under the influence in 2016, after having been previously convicted of multiple DUIs in the past," which was "an egregious factor." *Id.*

Petitioner sought review in this court. He contends that the IJ and BIA improperly considered convictions outside the 10-year good-moral-character period. He asks that we remand the matter for reconsideration of the equities in favor of granting him cancellation of removal.

## II.    STANDARD OF REVIEW

The decision before us is that of the BIA. *See Aguayo v. Garland*, 78 F.4th 1210, 1216 (10th Cir. 2023). We review its legal rulings de novo. *See Igiebor v. Barr*, 981 F.3d 1123, 1131 (10th Cir. 2020). We do not consider an IJ's ground for a decision unless it is adopted by the BIA. *See Aguayo*, 78 F.4th at 1216. But "[w]here, as here, a single member of the BIA affirms an IJ decision, . . . we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.* (internal quotation marks omitted). In this case, therefore, we review only the BIA's determination that Petitioner failed to establish his good moral character because of the recidivist nature of his 2017 DUI conviction. We cannot consider the IJ's separate ruling that Petitioner had not established that he merits discretionary relief, because the BIA did not address that issue.

## III.    DISCUSSION

To be eligible for cancellation of removal, Petitioner bears the burden of showing that he "has been a person of good moral character" for a "continuous period of not less than 10 years immediately preceding the date of [his] application." 8 U.S.C § 1229b(b)(1)(A)–(B); *see also Garcia v. Holder*, 584 F.3d 1288, 1289–90 (10th Cir. 2009) (alien has burden of persuasion). Petitioner filed his application for cancellation of removal in October 2017. For reasons that we need not explore here, the BIA has read the statutory language "date of . . . application" to mean the date of "the issuance of an administratively final decision." *Ortega-Cabrera*, 23 I. & N. Dec. 793, 797 (B.I.A. 2005); *see also Orellana v. Bondi*, 141 F.4th 560, 567 (4th Cir.

5

2025) ("Petitioner was required to maintain good moral character and remain worthy of a favorable exercise of discretion until a final decision issued in his case, whether from an IJ or following an appeal to the BIA."). But regardless of whether the end date of the applicable ten-year period was Petitioner's application in 2017 or the date of the IJ order in 2019 or the 2024 dismissal by the BIA, the analysis is the same for our purposes. Neither party disputes that Petitioner's 2016 DUI arrest occurred within the statutory good-moral-character period. The dispute concerns only the relevance of his three prior DUI convictions from 1995 and 1996, which predated the statutory period.

Petitioner argues that the BIA improperly relied on his DUI convictions from more than 20 years ago. We are not persuaded.

To begin with, the BIA's opinion on its face answers the proper question, saying that Petitioner "has not established that he has been a person of good moral character for the requisite time period." A.R. at 3. The Board explained that Petitioner "has a criminal history which includes a 2017 conviction for [DUI], his fourth such offense." *Id.* It explicitly recognized that his "other DUI offenses occurred in 1995 and 1996, well outside of the relevant good moral character period." *Id.* And in explaining why Petitioner's positive equities do not establish good moral character, the BIA relied on only one negative factor: "his 2017 DUI conviction," declaring that the DUI "does not represent a 'single lapse' in judgment, but rather is recidivist in nature." *Id.* The Board agreed with the IJ that "the seriousness and repeat

nature of [Petitioner's] *offense* [not offense*s*] outweigh his positive equities." *Id.* (emphasis added). That singular "offense" was his 2016 DUI violation.

The IJ's reasoning was essentially the same as that of the BIA. He acknowledged that Petitioner's earlier DUIs "fall outside the purview of the ten-year period for good moral character." A.R. at 56. But the IJ recognized that he was "tasked with assessing [Petitioner's] moral character against 'the generally accepted moral conventions' of the community." *Id.* (quoting *Castillo-Perez*, 27 I. & N. Dec. 664, 667 (2019) (quoting *United States v. Francioso*, 164 F.2d 163, 163 (2d Cir. 1947) (L. Hand, J.))); *see Good Moral Character*, *Black's Law Dictionary* 833 (12th ed. 2024) (defining *good moral character* as a "pattern of behavior that is consistent with the community's current ethical standards and that shows an absence of deceit or morally reprehensible conduct"). And applying that standard, the IJ said that he could not view Petitioner's "2017 DUI conviction in isolation of his three prior convictions for the same offense." A.R. at 56. To do so "would ignore the widely recognized relationship between recidivist behavior and one's moral character." *Id.*

Petitioner responds that "[t]he statutory period for good moral character determinations is 10 years" and "precedent does not provide exceptions to this limitation broad enough to encompass . . . convictions from twenty years before the hearing date." Aplt. Br. at 10 (emphasis omitted); *see also* Aplt. Reply Br. at 8 ("Precedent dictates that the [BIA] may only look at convictions within the good moral character period to make its determination." (emphasis omitted)). That argument has some appeal. But Petitioner provides no support in the caselaw for his

7

treatment of recidivist convictions. At most, he attempts to distinguish two cases cited by the IJ: *Castillo-Perez*, 27 I. & N. Dec. 664 (Att'y Gen. 2019) and *Siniauskas*, 27 I. & N. Dec. 207 (B.I.A. 2018). But even if these cases can be distinguished on their pertinent facts, neither opinion contains any suggestion contrary to the reasoning of the BIA or IJ in this case.

What Petitioner ignores is the traditional rationale, long recognized by federal courts, for the treatment of recidivists. The Supreme Court has made clear that an "enhanced punishment imposed" for recidivism is not an "additional penalty for the earlier crimes." *Witte v. United States*, 515 U.S. 389, 400 (1995) (internal quotation marks omitted). Instead, that punishment is a "stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Id.* (internal quotation marks omitted). Well over a century ago, in *Moore v. Missouri*, the Court explained why: "the last offense . . . is rendered more severe in consequence of the situation into which the party had previously brought himself." 159 U.S. 673, 677 (1895). "[T]he punishment for the second [offense] is increased, because, by his persistence in the perpetration of crime, he has evinced a depravity, which merits a greater punishment . . . . [R]epetition of the offense aggravates guilt." *Id.* (internal quotation marks omitted); *accord United States v. Rodriguez*, 553 U.S. 377, 385 (2008) ("[T]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant." (original brackets and internal quotation marks omitted)).

8

This principle well explains this case. The BIA and IJ treated Petitioner's 2017 DUI conviction so seriously because it was his fourth such conviction. In doing so, the BIA and IJ were not reflecting on what Petitioner's moral character had been back in 1995 or 1996. Rather, they were saying that his moral character was bad in 2017 because he was unable to keep himself from *repeating* serious misconduct for which he had been convicted.

Having determined that the BIA properly considered the recidivist nature of Petitioner's 2017 conviction, we need not address his arguments regarding other conditions of eligibility.

### IV.    CONCLUSION

We **DENY** Petitioner's Petition for Review.